JONES ET AL. *v.* NAY ET AL.

[No. 29,701. Filed January 6, 1960. Rehearing denied February 11, 1960.]

*Kelley, Arnold & Kelley,* of Anderson, for appellants.

*Busby, Davisson, Cooper & Farr,* of Anderson, for appellees.

LANDIS, J.—Appellants filed in the lower court petition for repair and reconstruction of an established court drain.

Pursuant to Burns' §27-120 (1959 Cum. Supp.), being Acts 1933, ch. 264, §20, p. 1168; 1937, ch. 162, §2, p. 853; 1945, ch. 221, §16, p. 1021; 1951, ch. 204, §1, p. 548, said petition was filed by appellants, who are Claude M. Jones and wife, together with certain other petitioners who allegedly at the time of filing the petition were collectively the owners of 5% in acreage of the land affected and assessed for the previously established drain.

The matter was referred to the surveyor and viewers, and report was thereafter filed. After a hearing on the report, the surveyor rendered his final decision to which appellees filed remonstrance within ten days. In addition to ten causes for remonstrance, appellees therein set up that the remonstrators included all persons signing the petition for repair and reconstruction, except appellants Jones and wife, that they were induced to sign the petition through misrepresentation, and that

they thereby requested withdrawal of their names from the petition. The court below overruled a motion to strike out portions of the remonstrance including the request therein to withdraw from the petition, and a finding and judgment were rendered for appellees-remonstrators.

The question on this appeal concerns the right of petitioners for the repair and reconstruction of a ditch to withdraw their names therefrom within the time allowed for filing remonstrance to the surveyor's final decision under Burns' §27-114 (1948 Replacement), being Acts 1933, ch. 264, §14, p. 1168; 1945, ch. 221, §11, p. 1021, which provides, so far as applicable, viz.:

"Any owner of lands affected by the work proposed or reported, benefited or damaged, may remonstrate against the final decision of the surveyor to the court, or the judge thereof in vacation, where the petition was filed, within ten [10] days. . . ."

Appellants contend the withdrawal cannot be made later than 10 days after the docketing of the action (which was not here done), as Burns' §27-107 (1948 Replacement), being Acts 1933, ch. 264, §7, p. 1168; 1945, ch. 221, §7, p. 1021, provides the remonstrance shall be filed within such time, viz.:

"Any person named in such petition as the owner of lands shall have ten [10] days, exclusive of Sunday and the day for docketing such action, after such docketing to file with the court, or the judge thereof in vacation any demurrer, remonstrance or objection he may have *to the form of the petition*, . . . After such ten [10] days have elapsed, the court, or the judge thereof in vacation shall consider such remonstrance, demurrer or objection, if any, and if it finds the petition defective, shall dismiss the same at the cost of the petitioner or petitioners, unless the same shall be amended within the time fixed by the court." (Emphasis supplied.)

Appellees contend on the other hand their withdrawal of the names from the petition was timely made as it was filed not later than the remonstrance contemplated under Burns' §27-114, *supra,* and that consequently appellants' petition did not contain the requisite number of owners as signers thereto, and the court therefore properly rendered judgment for appellees-remonstrators.

With regard to what rules of practice and procedure are applicable in drainage cases, we observe that this Court has held in a number of early decisions that proceedings to establish free gravel roads were special statutory proceedings and ". . . the rules of civil practice prevail, except when it is otherwise provided, or when they are plainly inapplicable. . . ." See: *Black et al.* v. *Campbell et al.* (1887), 112 Ind. 122, 126, 13 N. E. 409, 411, and cases therein cited. We have also held that in drainage cases the rules of practice and procedure prescribed by the civil code including Burns' §2-901 (1946 Replacement), Acts 1881 (Spec. Sess.), ch. 38, §433, p. 240 (providing for dismissal of causes, without prejudice, by the plaintiff at any time before the finding of the Court is announced) were applicable and that in accordance therewith a petitioner for a drain may dismiss or withdraw the same if done at the proper time. See: *Crume* v. *Wilson et al.* (1886), 104 Ind. 583, 4 N. E. 169; *Pullin et al.* v. *Arnold et al.* (1954), 234 Ind. 13, 122 N. E. 2d 858.

It is a well settled rule that the withdrawal of names on a petition operates as a dismissal of it as to those names withdrawn and that persons signing a petition have the right to withdraw their names therefrom before the tribunal created by law to receive and consider such petition has acted thereon.

*Hord, Prosecuting Attorney, ex rel. Stanley & Others* v. *Elliott & Others* (1870), 33 Ind. 220; *Black et al.* v. *Campbell et al.* (1887), *supra; Parker* v. *Seward School Twp.* (1959), 240 Ind. 1, 159 N. E. 2d 576, 581.

And it is similarly unquestioned that:

"When a party who has signed a petition for the doing or granting of something afterward signs a remonstrance against the doing or granting of what he has petitioned for, it would seem reasonable that the one should counteract and destroy the effect of the other, if the remonstrance is presented before action has been had in accordance with the petition." See: *Noble et al.* v. *The City of Vincennes* (1873), 42 Ind. 125, 130.

In the recent case of *Pullin et al.* v. *Arnold et al.,* (1954), *supra,* the Court was considering the attempted withdrawal of certain signers of a petition to establish a drain, and their signing a two-thirds remonstrance provided for under Burns' §27-108 (1948 Replacement), being Acts 1933, ch. 264, §8, p. 1168. The Court in holding the withdrawal of some of such signers from the petition on the same day the remonstrance was filed under the statute enabled them to join in the remonstrance, stated the withdrawing petitioners had the right to dismiss the petition as to themselves at this stage of the proceeding. In such case it appears the ditch petition was filed July 30, 1952, a bond was filed and approved, and August 14, 1952, was set as the date for docketing the petition. On the date set for docketing, the court found proper notice had been given and ordered the cause placed upon the docket as a pending action. The court appointed two viewers to act with the county surveyor. On September 2, 1952, the withdrawal from the petition was filed together with the remonstrance, and the court held the withdrawal

of the petitioners' names from the petition was effective and enabled said names to be counted with the remonstrators, and that the remonstrance properly prevailed.

Of the separate and distinct remonstrances available and provided for under the drainage statutes, we call particular attention here to Burns' §§27-107, 27-108, and 27-114, *supra*.

Appellants concede, as we have heretofore indicated, that signers of the petition could have withdrawn therefrom during the ten-day period provided for filing remonstrance to the *form of the petition* under the first section above cited, to-wit: Burns' §27-107, *supra*. *Pullin et al.* v. *Arnold et al.* (1954), *supra*, states such signers can also withdraw at the time remonstrance is filed within 30 days after filing of the petition pursuant to the second section cited above, to-wit: Burns' §27-108, *supra*.

We are unable to perceive why the signers of the petition in the case before us could not by the same process of reasoning be permitted to withdraw from the petition at the time of filing remonstrance (within 10 days from the final decision of the surveyor) pursuant to the third section above cited, to-wit: Burns' §27-114, *supra*.

This was prior to an order of the court declaring the proposed work established as provided by Burns' §27-116 (1948 Replacement), being Acts 1933, ch. 264, §16, p. 1168; 1945, ch. 221, §13, p. 1021. The withdrawal was therefore made prior to the time the court had acted upon the petition.

The withdrawals of the signers in question to the petition having been effective, it follows that the remaining signers to the petition, appellants Jones and wife, were not the owners of 5% in acreage of land affected and assessed for the previously

established drain as required under the statute, and appellants-petitioners therefore cannot properly claim error as to the lower court's finding and judgment against them in the proceedings below.

Judgment affirmed.

Arterburn, C. J., Jackson and Bobbitt, JJ., concur.

Achor, J., not participating because of illness.

NOTE.—Reported in 163 N. E. 2d 119.