PETERCHEFF ET AL. *v.* CITY OF INDIANAPOLIS.

[No. 30,010. Filed December 18, 1961. Rehearing denied February 7, 1962.]

*Eugene M. Fife, Jr.*, of Indianapolis, for appellants.

*Michael B. Reddington*, Corporation Counsel, *John J. Dillon*, City Attorney, *Edward Erpelding*, Assistant City Attorney, all of Indianapolis, for appellee.

LANDIS, J.—This action concerns the sufficiency of a remonstrance against an annexation ordinance of the City of Indianapolis. The procedure for re-

monstrating against annexation ordinances is provided by Burns' §48-702 (1961 Cum. Supp.), viz.:

"Whenever territory is annexed to a city whether by general ordinance defining the city boundaries, or by special ordinance for the purpose of annexing territory, *an appeal may be taken from such annexation by either a majority of the owners of land in the territory* or by the owners of more than seventy-five [75] per cent in assessed valuation of the real estate in the territory, if they deem themselves aggrieved or injuriously affected, by filing their remonstrances in writing against such annexation, together with a copy of such ordinance, in the circuit or superior courts of the county where such territory is situated or with the judge thereof in vacation, within thirty [30] days after the last publication provided for in section 242 [§48-701]; such written remonstrance or complaint shall state the reason why such annexation ought not in justice take place. Upon receipt of such remonstrance the court or the judge thereof in vacation shall determine whether it bears the necessary signatures and complies with the requirements of this section. In determining the total number of landowners of the area and whether or not signers of the remonstrance are landowners, the names as they appear upon the tax duplicate shall be prima facie evidence of such ownership. In ascertaining the number of landowners of the area and for the purpose of determining the sufficiency of the remonstrance as to the number of landowners required to constitute a majority, not more than one [1] person having an interest in a single property, as evidenced by the tax duplicate, shall be considered a landowner. *Upon the determination of the judge of the court that the remonstrance is sufficient he shall fix a time for a hearing on the remonstrance which shall be held not later than sixty [60] days thereafter.* Notice of such proceedings by way of summons shall be served upon the proper officers of the city seeking to make annexation, and such city shall become defendant in such cause, and shall be required to appear and answer as in other

cases. The judge of the court shall, upon the date fixed, proceed to hear and determine such appeal without the intervention of jury, and shall, without delay, give judgment upon the question of such annexation according to the evidence which either party may introduce. . . . " (Emphasis added.) Acts 1955, ch. 269, §3, p. 720, 723.

Appellants filed remonstrance in the trial court against the annexation by appellee city of certain real estate owned by appellants contiguous to said city.

Appellee city filed answer to the remonstrance denying among other things that the required number of persons had signed the remonstrance.

Pursuant to an order of the court the auditor of Marion County certified that there were 1,614 persons owning real estate in the area concerned and that the number of valid remonstrators who had signed the remonstrance was 854 in said area. (It will be noted that the number of remonstrators at this time was the necessary majority required under the statute.)

Subsequently appellee filed its motion to withdraw the names of some fifty (50) remonstrators who had purportedly indicated in the exhibits accompanying said motion their request to be removed from the number of said remonstrators.

Thereafter on February 5, 1960, the trial court denied the motion to withdraw remonstrators and held the remonstrance sufficient and ordered the cause set for trial. Appellee filed motion to reconsider the court's action in denying the withdrawal of certain remonstrators and in holding the remonstrance valid.

On June 30, 1960, the trial court set aside its previous ruling and entered its judgment allowing the withdrawal of certain remonstrators, and holding appellants' remonstrance as then constituted insufficient, and dismissed appellants' remonstrance and cause of action. Appeal to this Court followed the overruling of appellants' motion for new trial.

Appellants contend on this appeal the trial court erred in allowing the withdrawal of the fifty (50) remonstrators so as to bring the remonstrators below the majority of such owners as required under the statute, and in thereupon dismissing the remonstrance. The question before us on this appeal is whether the withdrawing remonstrators timely withdrew from the remonstrance.

The parties to this appeal do not dispute that the general statute as to dismissal of civil causes is applicable to dismissals of proceedings such as the case at bar. The statute provides:

"An action may be dismissed without prejudice—

"First. By the plaintiff, before the jury retire; or when the trial is by the Court, at any time before the finding of the Court is announced." Burns' §2-901, (1946 Replacement), being Acts 1881 (Spec. Sess.), ch. 38, §433, p. 240, 322.

The rule is well settled that the withdrawal of names on a petition operates as a dismissal of it as to those names withdrawn, and it follows from Burns' §2-901, *supra*, that persons signing a petition have the right to withdraw their names therefrom before the tribunal created by law to receive and consider said petition has acted thereon. *Jones v. Nay* (1960), 240 Ind. 306, 163 N. E. 2d 119, 120; *Parker* v. *Seward School Township* (1959), 240

Ind. 1, 159 N. E. 2d 576, 579; *Hord, Prosecuting Attorney, ex rel. Stanley and Others,* v. *Elliott and Others* (1870), 33 Ind. 220, 222; *Black et al.* v. *Campbell et al.* (1887), 112 Ind. 122, 126, 13 N. E. 409, 411.

In the case before us it is clear that no action is taken by the court under Burns' §48-702 (1961 Cum. Supp.), *supra,* which could be construed as a finding until the court makes a determination as to the sufficiency of the remonstrance. Here it is unquestioned that prior to the making of any such determination appellee had filed motion to withdraw said names with accompanying exhibits of said signatories requesting said withdrawal.

We must conclude that the withdrawal was therefore timely made and that the lower court's ruling upon reconsidering the matter that the remonstrance was insufficient and should be dismissed, was proper.

Appellant has cited Chapter 186 of the Acts of 1961[1] concerning school corporations, passed subsequent to the proceedings in the lower court, and forbidding withdrawals from remonstrances thereunder as having some possible bearing on this appeal. Whatever possible application this statute might have to some annexation proceedings arising in the future, it is not retroactive and therefore is not involved in this case.

Judgment affirmed.

Achor, C. J., and Arterburn, Jackson and Bobbitt, JJ., concur.

## Opinion On Rehearing

Landis, J.—Appellant has filed petition for rehearing contending our opinion handed down on Decem-

---

1. Burns' §§28-2338 to 28-2347 (1961 Cum. Supp.).

ber 18, 1961,[1] did not pass on the refusal of the trial court to permit other members of the annexed territory ·to add their names to the remonstrance upon the permitted withdrawal of others who had remonstrated.

Although there is serious question whether such matter was properly raised in appellant's original brief, we will discuss it as we prefer to dispose of questions on the merits whenever possible.

Burns' §48-702 (1961 Supp.),[2] cited in our earlier opinion as to the procedure for remonstrating against annexation ordinances, is in part as follows:

" . . . an appeal may be taken from such annexation by either a majority of the owners of land in the territory . . . by filing their remonstrances in writing against such annexation . . . in the circuit or superior courts . . . *within thirty* [30] *days after the last publication* . . . ." (Emphasis added.)

This statute providing for the judicial review of annexation proceedings also is in effect a statute of limitations as to the filing of remonstrances to annexation proceedings. The attempt to add additional names to the remonstrance in the case before us occurred long after the expiration of the thirty [30] day period specified by the above statute for filing remonstrances.

Our earlier opinion adequately discussed the right of petitioners to withdraw their names from a petition or petitions before the tribunal created to receive and consider them had acted thereon. This was predicated on the general dismissal statute (Burns' §2-901, 1946

1. *Petercheff et al.* v. *City of Indianapolis* (1961), 242 Ind. 490, 178 N. E. 2d 746.

2. Acts of 1955, ch. 269, §3, p. 720, 723.

Repl.),[3] which permits a dismissal ". . . when the trial is by the Court, at any time before the finding of the Court is announced."

However, we are unable to perceive the basis for appellant's argument that new petitioners (remonstrators) after the expiration of the thirty [30] day period, should be permitted to appear as new proponents of the remonstrances upon the withdrawal or dismissal of other remonstrators. No plausible reason has been advanced why this should be true. A statute of limitations is not automatically extended by the dismissal of a previous lawsuit, so long as the dismissal stands. No valid contention has been advanced here showing the dismissal or withdrawal of names to have been improper and we must conclude therefore that the court below properly refused to allow new persons to appear as remonstrators after the expiration of the thirty [30] day statutory period. To hold otherwise would nullify the statutory provision requiring persons to file their remonstrances within thirty [30] days.

The remaining matters alleged in the petition for rehearing are not meritorious and the petition is therefore overruled.

Achor, C. J., and Arterburn, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 178 N. E. 2d 746. Rehearing denied 179 N. E. 2d 866.

---

3. Acts of 1881 (Spec. Sess.), ch. 38, §433, p. 240, 322.