DAUBENSPECK ET AL. *v.* CITY OF LIGONIER.

[No. 19,434. Filed June 11, 1962. Rehearing denied July 12, 1962. Transfer denied June 20, 1963, with opinion reported in 191 N. E. 2d 100. Petition for rehearing on transfer denied February 5, 1964.]

*Vernon, Hartzog, Barker & Hepler,* of Goshen, for appellants.

*John C. Hagen,* of Ligonier, *Robert Hollowell* and *Hollowell, Hamill & Price,* of counsel, of Indianapolis, for appellee.

*John J. Davie,* of LaPorte, *Albert Ewbank* and *Frank Spencer,* both of Indianapolis, amicus curiae.

PFAFF, J.—In December, 1958, the appellee, through its City Council, passed an ordinance annexing to it cer-

tain described territory. Thereafter, said ordinance was published in a newspaper of general circulation in the City of Ligonier, the last of said publications being on the 31st day of December, 1958. Within 30 days from said date appellants attempted to file an appeal from such action under the provisions of §48-702, Burns' 1950 Replacement (Supp.). Appellants filed said petition with the Clerk of the Noble Circuit Court who issued summons to Roy Jorg, Mayor of Ligonier, or Martha M. Lough, Clerk-Treasurer of said City. Summons was served on the Mayor.

Appellee entered its special appearance for the purpose of filing a plea in abatement which is the subject of this appeal. The pertinent allegations of said plea in abatement are as follows:

"...

"3. That on the 30th day of January, 1959, this complaint was filed with the Clerk of the Noble Circuit Court and summons issued thereon.

"4. The instruments in this action and no instruments concerning said ordinance publication, purported remonstrance, complaint, summons or any other matters relative thereto have ever been filed with the Noble Circuit Court and on January 30, 1959, the Noble Circuit Court was in session.

"5. That no papers were ever filed with the Judge of the Noble Circuit Court concerning said ordinance while said Noble Circuit Court was in vacation.

"6. By the facts herein stated, it is shown that Noble Circuit Court does not have jurisdiction to hear the pleading entitled 'Complaint to Prevent Annexation of Territory to City.' "

Appellants filed a reply of admission and denial under the rules of the Supreme Court. They did not in any

manner question the sufficiency of appellee's answer in abatement.

A change of venue was granted and the Hon. Lowell L. Pefley was selected and qualified as Special Judge in said cause. The cause was submitted to the court on the following stipulation of the parties: (1) That the complaint was filed in the office of the Clerk of the Noble Circuit Court; (2) that the complaint was not filed in open court; and (3) that the Court was in the January 1959 Term on January 30, 1959, at the time of the filing of the complaint.

The trial court sustained the plea in abatement.

Within the time allowed by the statute, appellants filed their motion for a new trial. The specifications of that motion were: (1) The finding and decision of the court is not sustained by sufficient evidence; (2) the finding and decision of the trial court is contrary to law. This motion was overruled and the only error assigned here is the overruling of appellants' motion for a new trial.

After appellants filed their brief in this action appellee filed a motion to dismiss or affirm this case after stating the specifications of the motion for a new trial, and the assignment of errors filed herein avers in part:

" . . .

"4. That appellants' brief does not contain, as required by Rule 2-17 (e) of the Supreme Court, 'under the heading "Argument" a specification of such of the assigned errors as are intended to be urged, and each cause in the motion for a new trial which is intended to be urged.'

"5. Appellants' argument in their brief contains two points. Under 'Point 1' (Appellants' brief, p. 17) appellants argue that the action of the court in sustaining appellee's plea in abatement was er-

roneous under the facts shown by the evidence in this case. The question attempted to be presented therefore requires a consideration of the evidence.

"6. That there is no bill of exceptions containing the evidence in this case; that from the transcript it appears that no bill of exceptions was ever tendered or filed, and no purported bill of exceptions accompanies the transcript.

"7. Under 'Point 2' (Appellants' brief, p. 22) they say that: 'Appellants deny the office of an answer in abatement to serve the purpose for which it is intended in the present case.' However, this argument is not addressed to any assigned error or any ground of the motion for new trial, or any action taken by the trial court. The plea in abatement was not attacked in the trial court in any manner, but was met only by a reply in admission and denial. That therefore no question is presented under 'Point 2.' "

Subsequently, appellants filed their application for a writ of certiorari on the grounds that the transcript filed herein omitted a bill of particulars setting out all of the evidence which was the stipulation herein before set out and which had been put in the record but not as a bill of exceptions. The City Attorney for appellee agreed this was true. The writ was granted and the bill of exceptions is now in the record.

Thereafter, this court discovered that while the record disclosed the trial court sustained the plea in abatement no final judgment had been entered in said cause. Pursuant to the provisions of Rule 2-3 of the Supreme Court, in an opinion by Judge Bierly, this court suspended consideration of this appeal until such a judgment is made and entered when it shall be made a part of the transcript and record in this case. See *Daubenspeck* v. *City of Ligonier* (1960), 131 Ind. App. 60, 169 N. E. 2d 217. Judgment was thereafter entered and is now a part of the record herein. On June 20, 1961, this

court granted appellants' petition to amend their brief to include these entries. We then denied appellee's motion to dismiss.

The sole question remaining before this court in this appeal is whether an appeal from an annexation ordiance procedure is governed by provisions of our Civil Code. Sec. 2-802, Burns' 1946 Replacement, provides that: "A civil action shall be commenced by filing in the office of the clerk a complaint . . . . " See also §48-702, *supra*. This latter provision is part of an act concerning Municipal Corporations (Acts 1905, ch. 129, §243, as amended). It pertains to the power of the City Council to define the boundaries of a city and to annex territory contiguous thereto, subject to the provisions of the Act. The section here under consideration relates to appeals from the action of a City Council in enacting such an ordinance and was amended in 1955. Prior thereto this section (§48-702, Burns' 1950 Replacement) provided in part as follows:

"Whenever such territory is annexed to such city as provided in the foregoing sections, whether by general ordinance defining the city boundaries, or by special ordinance for the purpose of annexing territory, an appeal may be taken from such annexation by one (1) or more persons deeming himself or themselves aggrieved, or injuriously affected, filing their remonstrances in writing against such annexation, together with a copy of such ordinance, in the circuit or superior court of the county where such territory is situated within thirty (30) days after the last publication provided for in the preceding section; such written remonstrance or complaint shall state the reason why such annexation ought not in justice take place. Notice of such proceedings by way of summons shall be served upon the proper officers of the city seeking to make annexation, and such city shall become defendant in such cause, and shall be required to appear and answer as in other cases.

The court shall thereupon proceed to hear and determine such appeal without the intervention of a jury, and shall give judgment upon the question of such annexation according to the evidence which either party may introduce relevant to the issue. If the court should be satisfied upon the hearing of (that) less than fifty-one (51) per cent of the persons owning property in the territory sought to be annexed, have remonstrated, and that the adding of such territory to the city will be for its interest and will cause no manifest injury to the persons owning property in the territory sought to be annexed, he shall so find and said annexation shall take place."

The amendment of 1955 (§48-702, Burns' 1950 Replacement, Supp.) changes the Act in this manner:

"Whenever territory is annexed to a city whether by general ordinance defining the city boundaries, or by special ordinance for the purpose of annexing territory, an appeal may be taken from such annexation *by either a majority of the owners of land in the territory or by the owners of more than seventy-five (75) per cent in assessed valuation of the real estate in the territory,* if they deem themselves aggrieved or injuriously affected, by filing their remonstrances in writing against such annexation, together with a copy of such ordinance, in the circuit or superior courts of the county where such territory is situated *or with the judge thereof in vacation,* within thirty (30) days after the last publication provided for in section 242 (§48-701); such written remonstrance or complaint shall state the reason why such annexation ought not in justice take place. *Upon receipt of such remonstrance the court or the judge thereof in vacation shall determine whether it bears the necessary signatures and complies with the requirements of this section.* In determining the total number of landowners of the area and whether or not signers of the remonstrance are landowners, the names as they appear upon the tax duplicate shall be prima facie evidence of such ownership. In ascertaining the number of landowners of the

area and for the purpose of determining the sufficiency of the resmonstrance as to the number of landowners required to constitute a majority, not more than one (1) person having an interest in a single property, as evidenced by the tax duplicate, shall be considered a landowner. *Upon the determination of the judge of the court that the remonstrance is sufficient he shall fix a time for a hearing on the remonstrance which shall be held not later than sixty (60) days thereafter.* Notice of such proceedings by way of summons shall be served upon the proper officers of the city seeking to make annexation, and such city shall become defendant in such cause, and shall be required to appear and answer as in other cases." (The emphasized portions constitute the changes made by the 1955 Amendment).

In 26 West's Indiana Law Encyclopedia, *Statutes*, §161, p. 360, it is stated:

*"Presumption as to purpose or change of law.* Generally a statutory amendment which changes the langauge of a prior statute indicates a legislative intention that the meaning of the statute has been changed, and raises a presumption that the Legislature intended to change the law, unless it clearly appears to have been made to express the original intention of the Legislature more clearly."

In the case of *Gingerich* v. *State* (1950), 228 Ind. 440, 93 N. E. 2d 180, our Supreme Court said: "This court has further held that it is a rule of statutory construction that a change of phraseology from that of the original act will raise the presumption that a change of meaning was also intended." See also *Chism* v. *State* (1932), 203 Ind. 241, 179 N. E. 718. *Opp* v. *Davis* (1962), 133 Ind. App. 365, 179 N. E. 2d 298, Transfer Denied May 14, 1962. The foregoing rule has not been questioned over the years in this jurisdiction.

With the foregoing rules as our guide, we proceed to determine the intent and purpose of the legislature in enacting the amendment of 1955. It seems to us the legislature believed that an appeal of an annexation ordinance should not be permitted by only one or more persons who believed they were aggrieved or injuriously affected by such ordinance. It therefore provided such an appeal could be only taken by a majority of the owners of land in the territory. It also added a new class which could initiate such an appeal, namely, the owners of more than seventy-five (75) percent in assessed valuation of the real estate in the territory. It then made this significant change: That *"upon receipt of such remonstrance the court or the judge thereof in vacation shall determine whether it bears the necessary signatures and complies with the requirements of this section."* (Our emphasis).

It seems perfectly obvious to us that by this amendment the legislature intended that as a prerequisite to the filing of a remonstrance in the Circuit or Superior Court, that there must be a judicial determination that the remonstrance is signed by a sufficient number of property owners or taxpayers. Such determination can only be made by the court, or the judge thereof in vacation. No doubt the purpose of this change was to expedite the hearing of the remonstrance on its merits. This is the reason the amended act provides that only after such determination by the judge, shall the date of the hearing be set and summons issued to the city, and it shall become a defendant in the action.

The record herein discloses this procedure was not followed and, therefore, the trial court properly sustained the plea in abatement.

Judgment affirmed.

Kelley, C. J., Bierly and Gonas, JJ., concur.

NOTE.—Reported in 183 N. E. 2d 95. Transfer denied 191 N. E. 2d 100.