IN RE ANNEXATION, ETC. ET AL. *v.* CITY OF ANDERSON.

[No. 19,724. Filed May 24, 1963. Rehearing denied July 9, 1963. Transfer denied September 3, 1963. Petition to reconsider dismissed September 11, 1963.]

*Al S. Woolbert,* of Anderson and *Albert W. Ewbank,*
of Indianapolis, for appellants.

*Peck, Scott & Shine* and *Campbell & Jones,* both of Anderson, for appellee.

RYAN, J.—On June 18, 1957, the City of Anderson, by its Council, passed an ordinance annexing certain territory. On July 25, within thirty (30) days after the last publication of such ordinance, the appellants filed their remonstrance against such ordinance. The record presented to us contains over twelve hundred (1200) pages, and due to the myriad number of motions, pleadings and hearings which were held, has a tendency to become somewhat confusing. However, in substance it shows the following:

Upon application of the appellee a change of venue from the judge was granted, and three panels were named before Victor H. Simmons qualified as judge on December 23, 1957.

May 27, 1958, the City and the remonstrators entered into an agreement whereby the City would select one Commissioner and the remonstrators select one, and these two Commissioners in turn would select the third. The Commissioners qualified and were ordered to make their report.

On November 6, 1958, Victor H. Simmons, as special judge, declined jurisdiction, a new panel was appointed, and Alva Cox was then appointed and qualified as special judge. The appointment of the Commissioners was then reaffirmed, and they were directed to determine the total assessed valuation from the tax duplicates and to determine whether the remonstrators constituted more than 50% of the property owners or more than 75% of the total assessed value of the territory sought to be annexed.

The Commissioner selected by the City, James Peters, disqualified himself as Commissioner, and the City of

Anderson then selected William Norton, who then qualified and was confirmed by the court.

It was then ordered that the Commissioners determine from the Auditor's transfer books the number of owners of land and also a description of valuation, said examination as to the number of landowners to be taken as of July 25, 1957.

The report of the Commissioners was then filed on January 13, 1960, which consisted of some 279 pages. The City then filed its motion to strike certain names from the remonstrators' petition.

On January 30, 1960, the remonstrators petitioned for an order of court directing the clerk to issue subpoenas to the parties named in the petition to strike. Such subpoenas were ordered by the court.

On February 13, 1960, upon the remonstrators' petition for issuance of subpoenas to the Commissioners, the court ordered the same.

Evidence was then taken on February 17, March 31, and April 27, 1960. The court overruled the petition of the City as to certain of the parties. The remonstrators then filed their motion to strike and to consolidate the records of the Commissioners, and a hearing was set on such motion for October 8, 1960. On that date the remonstrators filed a supplemental motion to strike and correct, and at the same time the City filed its petition in regard to the duplication of names on the Commissioners' report.

Then on November 19, 1960, the City filed an affidavit alleging that some of the remonstrators had filed a request to be removed from the remonstrance, and that their affidavits which had been filed with the court had been lost, misplaced, or mislaid.

November 19, 1960, the City filed a pleading termed a "demurrer," which alleged that the court does not have jurisdiction of the subject matter or the defendants, and that the remonstrance was not sufficient and does not support plaintiffs' appeal, and requesting that said cause be dismissed.

On December 23, 1960, the remonstrators filed a motion for a continuance and for a pre-trial conference.

March 15, 1961, the remonstrators filed their motion for a change of venue. May 1, 1961, such motion was denied. July 7, 1961, the matter was set for hearing on July 20.

The remonstrators then filed a motion to reconsider the ruling on the change of venue which was overruled. The remonstrators then filed a new motion for change of venue from the judge, and upon motion of the City to strike the same was sustained.

On July 20, 1961, the attorney for the remonstrators moved to strike the affidavit of the attorney for the City of Anderson as to the lost or misplaced affidavits. The remonstrators then filed their motion to strike the demurrer. They next filed a motion for the court to set forth a specific finding of fact as to the number of freeholders and the number of remonstrators and the number of owners of assessed valuation of real estate, which motion was overruled.

September 7, 1961, the court, after argument of counsel, continued the case.

The record discloses that on September 11, 1961, further submission in the matter of tabulation of the property owners was had, and the cause was continued.

On September 12, 1961, the court entered its judgment that the remonstrance did not meet the requirements of the statute because it did not represent 50%

of the owners of taxable property within the territory sought to be annexed nor did it represent 75% of the assessed valuation of such territory.

On October 11, 1961, the remonstrators filed their motion to expunge from the record certain entries which were made in September, 1961. This motion was overruled and the remonstrators then filed their motion for a new trial. Upon the overruling of the motion for a new trial the appellants then instituted this appeal.

The procedure for remonstrating against ordinances of annexation is statutory, and is covered by Burns' §48-702, 1962 Cum. Supp. The pertinent part of such statute with which we are here concerned, reads as follows:

"Remonstrances against annexation—Procedure —Fire protection and other services—Agreement for or court action in regard to.—Whenever territory is annexed to a city whether by general ordinance defining the city boundaries, or by special ordinance for the purpose of annexing territory, an appeal may be taken from such annexation by either a majority of the owners of land in the territory or by the owners of more than seventy-five [75] per cent in assessed valuation of the real estate in the territory, if they deem themselves aggrieved or injuriously affected, by filing their remonstrances in writing against such annexation, together with a copy of such ordinance, in the circuit or superior courts of the county where such territory is situated or with the judge thereof in vacation, within thirty [30] days after the last publication provided for in section 242 [§48-701]; such written remonstrance or complaint shall state the reason why such annexation ought not in justice take place. Upon receipt of such remonstrance the court or the judge thereof in vacation shall determine whether it bears the necessary signatures and complies with the requirements of this section. In determining the total number of landowners of the area and whether or

not signers of the remonstrance are landowners, the names as they appear upon the tax duplicate shall be prima facie evidence of such ownership. In ascertaining the number of landowners of the area and for the purpose of determining the sufficiency of the remonstrance as to the number of landowners required to constitute a majority, not more than one [1] person having an interest in a single property, as evidenced by the tax duplicate, shall be considered a landowner. Upon the determination of the judge of the court that the remonstrance is sufficient he shall fix a time for a hearing on the remonstrance which shall be held not later than sixty [60] days thereafter. Notice of such proceedings by way of summons shall be served upon the proper officers of the city seeking to make annexation, and such city shall become defendant in such cause, and shall be required to appear and answer as in other cases. . . . ''

Under the statute it is therefore incumbent upon the trial court to determine the sufficiency of the remonstrance as to whether it has a majority of the owners of the land or territory which is sought to be annexed or more than 75% of the assessed valuation of the real estate in such territory. This question is placed at issue when the remonstrance is filed.

The appellants now contend that the trial court committed error in overruling their motion for a change of venue. Such motion was filed on March 15, 1961, under Rule 1-12B, and does not contain any personal verification by the parties or any way of avoiding the ten day rule as set forth in Rule 1-12B. It is thus apparent that the jurisdictional issue had been closed for almost four years prior to the time appellants filed their motion for a change of venue. In fact, during this period of time many various aspects of the sufficiency of the remonstrance were set for trial

and evidence was heard thereon. The fact that a pleading was filed by the appellee, which was designated as a "demurrer," did not in any way extend the time for the filing of a change of venue under the rule. The motion for a change of venue was thus properly overruled.

The appellants further contend that they were precluded from introducing evidence as to the jurisdictional issue. However, the record itself refutes such argument. Commissioners were appointed and directed to determine this question, and their report was duly filed. Evidence was in fact heard, and the court on April 27, 1960, overruled the motion of the appellee to strike certain of the remonstrators' names from the remonstrance and sustained the motion as to other remonstrators. The order itself reads in part as follows:

"Comes now the Court and further evidence on motion *to* [of] the City of Anderson, to strike certain names from petitioners remonstrance submitted, evidence heard and concluded, . . . ."

We therefore find no merit in this contention of the appellants.

Appellants further urge that the trial court committed error by refusing to make special findings of fact and conclusions of law. The statute governing special findings of fact and conclusions of law is Burns' §2-2102, 1946 Replacement, and such statute provides for special findings of fact and conclusions of law to be made upon trials. Under such statute, unless such request is made at or before the trial commences, it is a matter of discretion for the trial court. *Tevis* v. *Hammersmith* (1908), 170 Ind. 286, 84 N. E. 337; *Hartlep et al.* v. *Cole* (1889), 120 Ind. 247, 22 N. E. 130.

Such motion was orally made by the appellants on July 20, 1961. The report of the Commissioners had been filed on January 30, 1960, and evidence had been heard in February, March and April of 1960, and while as a matter of good practice it would seem highly desirable for the court to file its special findings of fact and conclusions of law in a situation such as this, we cannot say that such request was timely made so as to show an abuse of discretion by the trial court in overruling it.

Although other errors are asserted, the questions we have discussed cover such contentions of the appellants.

There being no reversible error, the judgment is affirmed.

Judgment affirmed.

Cooper, C. J., and Carson and Clements, JJ., concur.

NOTE.—Reported in 190 N. E. 2d 428.