IN THE MATTER OF ANNEXATION TO CITY OF MISHAWAKA, ETC., ET AL. *v*. MINNE ET AL.

[No. 20,147. Filed December 16, 1965. Rehearing denied January 20, 1966.]

*R. Wyatt Mick, Jr.,* of Mishawaka and *Joseph A. Roper* and *Chapleau, Roper, McInerny & Farabaugh,* of counsel, of South Bend, for appellants.

*Paul J. Schwertley,* of South Bend, for appellees.

WICKENS, J.—Two annexation ordinances of the appellant city were affected by the trial court judgment.

Here appellants assert that error was committed by the overruling of appellants' motion to dismiss and motion for new trial which were based solely upon a question of jurisdiction.

The alleged lack of jurisdiction arises from the construction of Acts 1905, ch. 129, § 243, p. 219 as amended, § 48-702 Burns' 1963 Replacement. That part of the statute under question is the second sentence. For reference here, the first part of such section is set out and we have emphasized certain parts:

"Whenever territory is annexed to a city whether by general ordinance defining the city boundaries, or by special ordinance for the purpose of annexing territory, *an appeal may be taken* from such annexation by either a majority of the owners of land in the territory or by the owners of more than seventy-five percent [75%] in assessed valuation of the real estate in the territory, if they deem themselves aggrieved or injuriously affected, *by filing their remonstrances* in writing against such annexation, together with a copy of such ordinance, in the circuit or superior courts of the county where such territory is situated or with the judge thereof in vacation, within thirty [30] days after the last publication provided for in section 242 [§ 48-701]; such written remonstrance or complaint shall state the reason why such annexation ought not in justice take place. *Upon receipt of such remonstrance the court or the judge thereof in vacation shall determine whether it bears the necessary signatures and complies with the requirements of this section.* In determining the total number of landowners of the area and whether or not signers of the remonstrance are landowners, the names as they appear upon the tax duplicate shall be prima facie evidence of such ownership. In ascertaining the number of landowners of the area and for the purpose of determining the sufficiency of the remonstrance as to the number of landowners required to constitute a majority, not more than one [1] person having an interest in a single property, as evidenced by the tax duplicate, shall be considered a landowner."

Appellants insist that jurisdiction is not conferred on the trial court under the foregoing section unless that court makes the determination that the remonstrance and complaint bear the necessary signatures and comply with the requirements of said § 48-702 within 30 days after the last publication of the ordinance.

In this contention appellants rely upon the opinion of this court in *Daubenspeck* v. *City of Ligionier* (1962), 135 Ind. App. 565, 183 N. E. 2d 95 (Transfer Denied 191 N. E. 2d 100).

There is no factual dispute here. The trial court did not within such 30 day period determine whether such remonstrances and complaints bore the necessary signatures and

whether they complied with the requirements of the section quoted. In such period, however, such remonstrances and complaints were presented to the clerk of the trial court and marked "filed" with a dated mark, the attorney for appellees appeared before the judge and the judge's docket sheet was made to show that at the request of remonstrators the court dispensed "with necessity of filing of copies of complaint with each defendant." Also, the record does establish that the proper notices were last published on December 28, 1961; the presentation of the papers to the clerk and the judge's docket entry as above was on January 25, 1962; and that on April 2, 1962 the court found "that a majority of the owners of land within the area described in the annexation ordinance have joined in the remonstrance herein." That finding is not questioned here.

It is appellants' contention that the only issues here were "forever settled" by the decision in *Daubenspeck*. In that cause interpreting the same section of the statute quoted here, this court did say, at page 572 of 135 Ind. App., that the determination of the sufficiency of the remonstrance was a prerequisite to filing an appeal in court.

However, before making such statement this court had answered what it described as "the sole question" presented. That is, it had held that a part of the 1881 Code of Civil Procedure was not applicable to an annexation appeal. It therefore appears that the statement mentioned and which is relied upon by appellants may be mere dictum. It is also to be noted that in denying transfer in *Daubenspeck* our Supreme Court said it did not thereby approve of all the language used by this court.

We also observe that after the *Daubenspeck* decision our Supreme Court had an occasion to pass upon a phase of § 48-702. In its opinion in *Petercheff et al.* v. *City of Indianapolis* (1961), 242 Ind. 490, at page 495, 178 N. E. 2d 746, the court said:

"In the case before us it is clear that no action is taken by the court under Burns' § 48-702 (1961 Cum. Supp.), supra, which could be construed as a finding until the court makes a determination as to the sufficiency of the remonstrance. Here it is unquestioned that prior to the making of any such determination appellee had filed motion to withdraw said names with accompanying exhibits of said signatories requesting said withdrawal.

"We must conclude that the withdrawal was therefore timely made and that the lower court's ruling upon reconsidering the matter that the remonstrance was insufficient and should be dismissed, was proper."

This statement indicates that that court subscribed to the premise that the determination of the sufficiency of the remonstrance may be made *after* the remonstrance is filed and after notice is issued to the defendant city.

Another case construing § 48-702 was before this court in 1963 and there we said:

"Under the statute it is therefore incumbent upon the trial court to determine the sufficiency of the remonstrance as to whether it has a majority of the owners of the land or territory which is sought to be annexed or more than 75% of the assessed valuation of the real estate in such territory. *This question is placed at issue when the remonstrance is filed.*" (Emphasis supplied).

*In re Annexation etc.* v. *City of Anderson* (1963), 135 Ind. App. 92, 98, 190 N. E. 2d 428, 431.

On further examination and reconsideration of this question it is our opinion that the statutory § 48-702 should be given more definite interpretation. Its words and phrases must be taken in their plain, ordinary, and usual sense. If they are technical and have a peculiar and appropriate meaning in law, they should be explained in accord with their technical import. The particular sentence we again refer to is: "Upon receipt of such remonstrance the court or the judge thereof in vacation shall determine whether it bears the necessary signatures and complies with the requirements of this

section." These words and some others were expressly added by an amendment in 1955.

We hold "upon receipt" means after filing but prior to any other step in the proceeding. It does not describe a condition limiting or preventing the right to file an appeal. It is jurisdictional to the extent that the court has no right to pass upon a change of judge or venue or any part of the merits until it has made the determination required.

While we are considering ambiguities, the word "file" requires clarification here. It is the subject of much of the argument in this appeal. In *Daubenspeck* there is the reference to a "prerequisite to the filing." Appellee, by taking his papers to the clerk of the court, having them stamped with a dated mark of the clerk and leaving them in the court's custody, complied with the normal requirements of filing. No legislative expression in the Act in question prevented such filing and nothing more was required of appellee within the 30 day period mentioned. Filing, or filing in court, or filing with the court, under the Act in question, does not require presenting papers to a judge. It is only essential to file with the judge where a statute or rule so prescribes in express language.

Under the provisions of the section quoted, the trial court determines whether the remonstrators so filing constitute a majority of the owners of land in the territory, or are owners of 75% of assessed valuation of the real estate in the territory and if the documents "state the reason why such annexation ought not in justice take place." To determine if it bears the necessary signatures and otherwise complies with the requirements of the section is a judicial function. The opinion in the *City of Anderson* case gives indication of the work involved. There involved was a 279-page report by the commissioners and additionally the court heard testimony on that issue on four different days.

Of the 30 days provided by the statute the remonstrators will take some time preparing documents, obtaining signatures and checking records. To require the court in the remaining part of the 30 days to make its determination is not reasonable, nor do we believe it to be the intention of the legislature.

In arriving at the foregoing specifications it is proper for the court to consider the effects and consequences of proposed construction as well as attendant hardships and absurdity in the construction of ambiguous, uncertain, or doubtful language. *Ft. Wayne Community Schools* v. *State ex rel. etc.* (1959), 240 Ind. 57, 65, 159 N. E. 2d 708; 26 Ind. Law Encyc., Statutes § 116, p. 320.

It is also appropriate to interpretation here that we recall that the legislature may not direct a court as to when it shall act. It is held that the time of disposition of cases is a matter of judicial concern and discretion. *State ex rel. Kostas* v. *Johnson* (1946), 224 Ind. 540, 547, 548, 550, 69 N. E. 2d 592, 168 A. L. R. 1118.

We find the record sufficiently complete to show filing of this proceeding within the 30 day statutory period. In fact, the entry of the trial court affirmatively shows that on January 25, 1962 in open court "the court assumed jurisdiction and acted on motions in connection therewith. . . ."

To the extent, if any, that *Daubenspeck* v. *City of Ligonier, supra,* is in conflict herewith it is overruled.

There was no error in the rulings on the motion to dismiss or on denying the motion for a new trial and the judgment of the trial court is now affirmed.

Prime, C. J., Smith, P. J., Bierly, Carson, Faulconer, Hunter and Mote, JJ., concur.

## ON PETITION FOR REHEARING

WICKENS, J.—By a petition for rehearing it has been pointed out that the trial court did not find and adjudge the annexation ordinance to be invalid.

We agree that the trial court's judgment held the ordinance neither valid nor invalid, in direct language.

Our affirmance of that judgment means that no error was presented on appeal. It is not an approval of the detailed findings, but concerns only those findings which were said to affect jurisdiction under the Act in question, as raised in the appeal.

We were not asked to construe the judgment and this court is and was powerless to do so. This is said now that the opinion may be considered only in such light.

The petition for rehearing is denied.

Prime, C. J., Smith, P. J., Bierly, Carson, Faulconer, Hunter and Mote, JJ., concur.

NOTE.—Reported in 212 N. E. 2d 393. Rehearing denied reported in 213 N. E. 2d 349.