BATA SHOE CO., INC. ET AL. *v.* CITY OF SALEM ET AL.

[No. 372 A 137. Filed September 25, 1972.]

*John W. Mead, Mead, Mead & Mead,* of Salem, for appellants.

*William L. Thompson,* of Salem, for appellees.

ROBERTSON, P.J.—The Common Council of the City of Salem (City) passed an ordinance annexing certain territory to the City. On the 22nd of May, 1969, the remonstrators (Bata) timely filed a complaint which sought injunctive relief and a declaration that the ordinance be found invalid.

On the 26th of May the regular judge of the Washington Circuit Court disqualified himself because of an interest in the property sought to be annexed. Pursuant to the then existent Rule 1-12, the Indiana Supreme Court was notified and requested to appoint a special judge in the case. The 6th of June, two days after the specified return date, Bata filed a motion for default in the absence of the City filing an appearance. On the 10th of June, the Indiana Supreme Court appointed the special judge with the notice of such appointment reaching the clerk of the Washington Circuit Court the next day. Counsel for the City filed their appearance at that time. The special judge qualified in the case on the 18th of June, 1969.

The motion for default was overruled on the 15th of October. The City then filed, on the 28th of October, a motion to dismiss and a demurrer. The motion to dismiss stated that

the court lacked jurisdiction because of a failure to follow a certain statutory procedure, which reads:

"Whenever territory is annexed to a city . . . an appeal may be taken from such annexation by either a majority of the owners of land in the territory or by the owners of more than seventy-five per cent (75%) in assessed valuation of the real estate in the territory. . . . *Upon receipt of such remonstrance the court or the judge thereof in vacation shall determine whether it bears the necessary signatures and complies with the requirements of this section. . . .*" (Emphasis added.) Ind. Ann. Stat. § 48-702 (Burns 1963).

The demurrer, in addition to the lack of jurisdiction, alleged the complaint did not state facts sufficient to state a remonstrance.

The special judge subsequently sustained the motion to dismiss and the demurrer.

The foremost issue raised by Bata's motion to correct errors, is whether the court, in light of its failure to make the required determination of the sufficiency of the signatures, had jurisdiction to rule on the City's motion to dismiss and demurrer?

Both parties agree that such a determination is necessary and goes to the jurisdiction of the court, but they vigorously disagree as to the result. The City contends that because the court failed to make the determination as required by the statute it never acquired jurisdiction, or, in the alternative, because of the passage of an unreasonable amount of time the court lost jurisdiction. The latter argument points out that the statute in question sets an accelerated pace for trying remonstrances in that they are to be filed within thirty days and tried within sixty days.

Furthermore, both parties rely, in varying degrees, upon the homologous cases of *Petercheff et al.* v. *City of Indianapolis* (1961), 242 Ind. 490, 178 N. E. 2d 746; *Daubenspeck* v. *City of Ligonier* (1962), 135 Ind. App. 565, 183 N. E. 2d 95; and *In Re Annexation etc.* v. *City*

of *Anderson* (1963), 135 Ind. App. 92, 190 N. E. 2d 428. Each of these cases speak to the jurisdictional determination of the remonstrators signatures.

The *Petercheff* case, *supra,* holds that such a determination must be made prior to a determination upon the merits. In overruling, in part, the *Daubenspeck* case, *supra,* the case of *In re Annex., etc., et al.* v. *Minne et al.* (1965), 138 Ind. App. 207, 212 N. E. 2d 393, held:

"... 'upon receipt' means after filing but prior to any other step in the proceeding. It does not describe a condition limiting or preventing the right to file an appeal. It is jurisdictional to the extent that the court has no right to pass upon a change of judge or venue or any part of the merits until it has made the determination required." 138 Ind. App., at p. 212,[1] 212 N. E. 2d at p. 396.

Applying the above quotation to the facts of the instant case, we are of the opinion that the court's rulings on the motion to dismiss, the motion for default, and demurrer constitutes a nullity and should be held for naught.

We do recognize the validity of the City's contention that the context of the statutes regulating annexation contemplates proceeding at an accelerated pace to the extent that good practice would dictate expeditious handling. We do, however, reject the contention that the passage of an unreasonable amount of time without the required determination would amount to grounds for dismissal under the facts as presented in this case.

The first, and most obvious, reason is the matter should be tried on the merits and for this reason the language in *Minne, supra,* includes the statement that the determination is not a limiting condition to the appeal, nor for that matter should be used in frustrating an appeal. Secondly, the statute is explicit that the "judge . . . shall determine." The mandatory nature of the statutory language, as well as the tenor

---

1. An apparent exception would be allowing remonstrators to remove their name from the remonstrance. See *Petercheff, supra.*

of the *Minne* case, *supra,* eliminate options or alternatives to the judicial determination of the sufficiency of the remonstrator's signatures. Thirdly, the case law, utilizing the cases of *Petercheff, Daubenspeck, City of Anderson,* and *Minne, supra,* proscribe limits of after filing the remonstrance and prior to a determination on the merits for the court to rule upon the sufficiency of the remonstrators signatures. None of these cases serve as a guide in determining what an unreasonable amount of time would be.

In attempting to reconcile the various cases that have interpreted the statute involved in this case, we find none that expressly state the solution to the question as raised by Bata. We are of the opinion, however, that the tone of the statute and resultant cases indicate the court has jurisdiction until such time as an express finding is made to the contrary. An example is found in *Doan* v. *City of Fort Wayne* (1969), 144 Ind. App. 517, 247 N. E. 2d 544, where the court said:

> ". . . In the case at bar the Allen Superior Court correctly determined that it was without jurisdiction to consider the remonstrance when the agreed stipulation of facts conclusively showed that the remonstrance did not comply with the statutory provisions of Burns' § 48-702, *supra.*
>
> When a remonstrance is filed, the court must make a jurisdictional determination and, as stated in *In re Annexation etc.* v. *City of Anderson* (1963), 135 Ind. App. 92, 98, 190 N. E. 2d 428, 431 (Transfer denied) :
>
>> 'Under the statute it is therefore incumbent upon the trial court to determine the sufficiency of the remonstrance as to whether it has a majority of the owners of the land or territory which is sought to be annexed or more than 75% of the assessed valuation of the real estate in such territory. This question is placed at issue when the remonstrance is filed.' " 144 Ind. App. at pp. 522, 523, 247 N. E. 2d at p. 548.

Still another factor which would weigh against the City's position that the passage of an unreasonable amount of time would cause the court to lose jurisdiction, based upon the

accelerated pace set forth in Ind. Ann. Stat. § 48-702 (Burns 1963), is the following holding in *Minne, supra:*

> "It is also appropriate to interpretation here that we recall that the legislature may not direct a court as to when it shall act. It is held that the time of disposition of cases is a matter of judicial concern and discretion." Citing authorities. 138 Ind. App. at p. 213, 212 N. E. 2d at p. 397.

The City also alludes to the fact that *Daubenspeck, supra,* holds that the normal rules of civil procedure do not apply in a statutory proceeding of this kind. We believe that to be true to the extent that the statute is in conflict with normal procedural rules. Even so, there must be recognization that exceptions exist to such a generalization, as exemplified by the above quoted section of *Minne, supra,* which seems to negate the schedule of events as specified by the annexation statute.

An observation which we feel appropriate is that both parties to this appeal had at their disposal any one of several methods to cause the sufficiency ruling to be made, in the absence of the court so acting, ranging from the subtleness of a joint reminder to the court, to the more direct method of an original action to require performance of a non-discretionary (in our opinion) act or, since January 1, 1970, utilization of the provisions of Trial Rule 53.1 after making the appropriate record.

Even though we are reversing and remanding this case to the trial court for further proceedings, we feel it necessary to discuss Bata's argument that the trial court erred in not sustaining its motion for default. It is our opinion that the following is controlling under the particular facts of this case:

> "It is the policy of the law that controversies between litigants shall be determined on the merits, if that can be done in fairness to all concerned." *Beatty* v. *McClellan* (1949), 119 Ind. App. 385, at p. 390, 88 N. E. 2d 56, at p. 58.

The default question was raised at a time when there was no judge to rule on the motion. The City's appearance upon notification of the selection of a special judge could not be said to prejudice Bata's position in any way.

This cause is reversed and remanded with the trial judge ordered to make a finding on the sufficiency of the signatures of the remonstrators pursuant to Ind. Ann. Stat. § 48-702 (Burns 1963) and for such other proceedings necessary and consistent with this opinion.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 287 N. E. 2d 350.