**Worden CUSTARD et al.,
Remonstrators-Appellants,**

v.

**CITY OF SOUTH BEND,
Defendant-Appellee.**

**No. 3-1080A333.**

Court of Appeals of Indiana,
Third District.

July 27, 1981.

Rehearing Denied Sept. 11, 1981.

Don G. Blackmond, South Bend, for re-monstrators-appellants.

Richard L. Hill, City Atty., Robert M. Parker, Chief Deputy City Atty., South Bend, for defendant-appellee.

HOFFMAN, Presiding Judge.

This case arises from the passage of an annexation ordinance by the City of South

Bend. In this particular appeal, Fred N. Davis, one of the original remonstrators, raises the following issues:

(1) whether the trial court erred in conducting a hearing on the sufficiency of the remonstrance when Davis had not received notice of the hearing and was not represented by counsel;

(2) whether the trial court erred in conducting a hearing on the sufficiency of the remonstrance over objection of the remonstrators and in overruling the remonstrators' motions for a continuance;

(3) whether the trial court erred in overruling Davis's objection to a hearing on the sufficiency of the remonstrance and his petition to stay all proceedings; and

(4) whether the evidence is sufficient to sustain the trial court's dismissal of the remonstrance.

On August 24, 1971 twenty-nine remonstrators filed a remonstrance and appeal from a general annexation ordinance enacted by the City of South Bend. The remonstrators were represented by attorney Joseph Roper until his withdrawal on December 16, 1975. On December 15, 1975 attorney Daniel Manion entered his appearance on behalf of all the remonstrators. Manion withdrew his appearance on April 25, 1980 upon the representation of attorney Sanford Brook that he represented the remonstrators.

On April 29, 1980 Brook filed a request of certain remonstrators to withdraw from the case. Also on April 29, 1980 James Groves entered his appearance on behalf of certain remonstrators who had not joined in the petition to withdraw. It became apparent at this time that two or three of the remonstrators, including Davis, were not actually represented by counsel. Nevertheless, the court heard evidence regarding the request to withdraw on April 29 and 30, 1980. At the close of the evidence the trial court granted the parties an opportunity to file written briefs.

On May 7, 1980 Davis filed a written objection to the hearing held on April 29

and 30 and petitioned the court for a hearing and a stay of all proceedings. Davis's petition alleged that he had received no notice that Manion had withdrawn his appearance nor had Davis authorized Groves or Brook to represent him. Additionally, Davis alleged that he had not been notified of the hearing on April 29 and 30.

On May 9, 1980 the trial court overruled Davis's objection and motions for hearing and stay of the proceedings. On the same date, the trial court granted the petition to withdraw, found the remonstrance insufficient and dismissed the remonstrance and appeal.

The crux of this controversy concerns IC 1971, 18–5–10–24 (Burns Code Ed.). The statute provides:

"Remonstrance against annexation—Procedure for filing.—Whenever territory is annexed to a city, whether by general ordinance defining the city boundaries or by special ordinance for the purpose of annexing territory, an appeal may be taken from the annexation by either a majority of the owners of land in the territory or by the owners of more than seventy-five per cent [75%] in assessed valuation of the real estate in the territory, if they deem themselves aggrieved or injuriously affected, by filing their remonstrances in writing against the annexation, together with a copy of the ordinance, in the circuit or superior courts of the county where the territory is situated or with the judge thereof in vacation within sixty [60] days after the last publication provided for in section 402 [18–5–10–20] of this article. The written remonstrance or complaint shall state the reason why annexation should not in justice take place.

"Upon receipt of the remonstrance, the court or the judge thereof in vacation shall determine whether it bears the necessary signatures and complies with the requirements of sections 406 through 408 [18–5–10–24—18–5–10–26] of this article. In determining the total number of landowners of the area and whether or not signers of the remonstrance are landown-

ers, the names as they appear upon the tax duplicate shall be prima facie evidence of ownership. In ascertaining the number of landowners of the area and for the purpose of determining the sufficiency of the remonstrance as to the number of landowners required to constitute a majority, not more than one [1] person having an interest in a single property, as evidenced by the tax duplicate, shall be considered a landowner.

"Upon the determination of the judge of the court that the remonstrance is sufficient he shall fix a time for a hearing on the remonstrance which shall be held not later than sixty [60] days thereafter. Notice of the proceedings by way of summons shall be served upon the proper officers of the city seeking to make annexation, and the city shall become defendant in such cause, and shall be required to appear and answer as in other cases."

Davis contends that this statute mandates a hearing on the sufficiency of the remonstrance which complies with due process requirements. The City on the other hand argues that it is within the province of the judge to determine the sufficiency of a remonstrance without conducting a hearing. According to the City, a hearing is necessary only after a judicial determination that the remonstrance is sufficient.

In construing a statute, the proper objective of a court is to ascertain and effectuate the intent of the Legislature as shown by the whole act, the law existing before its passage, changes made and the apparent motive for making them. *Froberg v. Northern Indiana Const., Inc.* (1981), Ind.App., 416 N.E.2d 451. The prior statute regarding the sufficiency of a remonstrance, Acts 1935, ch. 153 § 1, provided for a court hearing to determine if a sufficient percentage of property owners joined in the remonstrance. This procedure was changed in 1955 to the present form which does not specifically require a hearing until after a judicial determination that the remonstrance is sufficient. The deletion of the hearing requirement before a sufficiency determination is made is in harmony with

the principle recognized by this Court "that the context of the statutes regulating annexation contemplates proceeding at an accelerated pace to the extent that good practice would dictate expeditious handling." *Bata Shoe Co., Inc. et al. v. City of Salem et al.* (1972), 153 Ind.App. 323, at 326, 287 N.E.2d 350, at 352. It is apparent by the nature of the annexation statutes and the amendments of the statutes that the Legislature intended to eliminate the necessity for a hearing prior to a determination of the sufficiency of a remonstrance.

Davis refers this Court to cases in which a hearing on the sufficiency of a remonstrance was conducted by the trial court. The fact that some trial courts have found it helpful to conduct a hearing prior to making its determination on the sufficiency of the remonstrance does not make such a hearing a requirement in all cases. On the contrary, the language utilized in other cases indicates tht a hearing is not required. In *In re Annex., etc., et al. v. Minne et al.* (1965), 138 Ind.App. 207, at 212, 212 N.E.2d 393, at 396 this Court stated:

"Under the provisions of the section quoted [18-5-10-24], the trial court determines whether the remonstrators so filing constitute a majority of the owners of land in the territory, or are owners of 75% of assessed valuation of the real estate in the territory and if the documents 'state the reason why such annexation ought not in justice take place.' *To determine if it bears the necessary signatures and otherwise complies with the requirements of the section is a judicial function.*" (Emphasis added.)

In *In re Annexation etc. v. City of Anderson* (1963), 135 Ind.App. 92, at 98, 190 N.E.2d 428, at 431 the Court held:

"Under the statute *it is therefore incumbent upon the trial court to determine the sufficiency of the remonstrance* as to whether it has a majority of the owners of the land or territory which is sought to be annexed or more than 75% of the assessed valuation of the real estate in such territory. This question is placed at

issue when the remonstrance is filed." (Emphasis added.)

See also, Bata Shoe Co., Inc. et al. v. City of Salem et al., supra, where this Court reversed and remanded the case with orders to the trial court to make a finding on the sufficiency of the remonstrance.

Trial courts have employed many methods in making the necessary determination. In City of Anderson, supra, the trial court appointed commissioners to determine from the auditor's transfer books the number of owners of land and also a description of valuation. The court also heard other evidence on the matter. In Petercheff et al. v. City of Indianapolis (1961), 242 Ind. 490, 178 N.E.2d 746, the trial court apparently based its decision on a report of the county auditor. The statute itself provides that "[i]n determining the total number of landowners of the area and whether or not signers of the remonstrance are landowners, the names as they appear upon the tax duplicate shall be prima facie evidence of ownership."

■ In the present case, the remonstrance and appeal contained a tax duplicate naming the owners of the land in the area sought to be annexed along with the assessed valuation of each parcel of land. Although any party could have employed several methods to cause a ruling on the sufficiency issue, see Bata Shoe Co., Inc., supra, no one chose to do so. The record reveals that at the time the request to withdraw was filed, the sufficiency question had not been determined. According to Petercheff et al. v. City of Indianapolis, supra, remonstrators may withdraw at any time before the sufficiency determination is made. The withdrawal in this case was therefore timely filed. At that time the court needed only to compare the signatures on the petition to withdraw with the signatures on the remonstrance and make some simple calculations with regard to the assessed valuation of the property in order to determine if the remonstrance was sufficient. A hearing in compliance with due process principles was not necessary for the trial court to determine the sufficiency of the remonstrance.

The withdrawing remonstrators did present some evidence for the trial court's benefit. This evidence was presented primarily to inform the court as to the time and place the request to withdraw was signed. Additionally, the court requested to be informed as to whether certain people who had signed the request to withdraw were the successors in interest to original remonstrators. This evidence was also presented to the court. In gathering this information the court did not need to conduct an adversarial hearing. Since an adversarial hearing was not required before the trial court made its determination on the sufficiency of the remonstrance, Davis has failed to show any harm with regard to his lack of notice, lack of representation and denial of the remonstrators' motions for a continuance. Additionally, Davis has shown no prejudice in the trial court's overruling of his objections to the hearing.

Davis next contends that the trial court erred in overruling his motion for a stay of all proceedings. Davis asserts IC 1971, 34–1–60–7 (Burns Code Ed.) as grounds for his motion. The statute provides:

"When to produce authority.—The court or judge may, on motion of either party, and on showing reasonable ground therefor, or without such motion, require an attorney to produce and prove the authority under which he appears, and until he does so, may stay all proceedings by him on behalf of the party for whom he assumes to appear."

Davis requested the court to direct Brook to produce the authority under which he appeared for the remonstrators.

■■ The statute gives a trial court discretion in requiring an attorney to produce the authority under which he appears. The trial court's decision therefore can be reversed only upon a showing of an abuse of that discretion. In the present case Brook initially appeared on behalf of all the remonstrators. Later, attorney Groves filed an appearance on behalf of certain named remonstrators. At the hearing, Brook sought to limit his representation to those

remonstrators seeking withdrawal. It was Brook who filed the request for withdrawal. Attached to the request was an "Authority to Withdraw Remonstrance" in which the remonstrators seeking to withdraw stated that Brook had been requested by them to withdraw their remonstrance. This document was signed by all those seeking to withdraw. This is sufficient to establish Brook's authority to represent the withdrawing remonstrators. When these remonstrators were permitted to withdraw, the trial court lost subject-matter jurisdiction over the action. Davis therefore has again failed to show prejudice. The trial court did not abuse its discretion in failing to stay all proceedings.

Davis finally contends that there is no evidence of probative value upon which the trial court's dismissal of the remonstrance can be based. Contrary to Davis's assertion, the evidence is sufficient. The remonstrance contains a tax duplicate including the names of all the property owners in the area sought to be annexed. Also included in the tax duplicate was the assessed valuation of each parcel of land. The trial court, after determining successors in interest, could simply compare the signatures on the petition to withdraw with those on the remonstrance and make some simple calculations with respect to the assessed valuation to determine if the remonstrance met the requirements of IC 1971, 18–5–10–24. As noted above, a hearing in which all the pleadings were entered into evidence was not necessary. The trial court was free to use the pleadings and tax duplicate, along with other devices, in reaching its determination on the sufficiency of the remonstrance.

The annexation statutes are designed to facilitate an expeditious resolution to annexation problems. The annexation ordinance in the present case was enacted in 1971. There has been a long, unexplained delay in these proceedings. Davis has failed to show any prejudice in the trial court's handling of the matter. For the foregoing reasons the decision of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.