No. 8715.

## THE STATE *v.* CORLL.

LIQUOR LAW.— *Sales Without License.—Quantity Sold.—Pleading.—Indictment.—Information.— Case Overruled.—*Section 12 of the act of March 17th, 1875, to license the sale of intoxicating liquor, 1 R. S. 1876, p. 869, creates two distinct offences as to retailing without a license: selling less than a quart at a time, without reference to the place where it is to be drank; and selling in any quantity to be drank or suffered to be drank on the premises where sold. And, in a prosecution under the first branch of such section, the indictment or affidavit and information must aver that the quantity sold was less than a quart, unless it is averred that it was sold to be drank on the premises, but in a prosecution under the second branch the quantity sold is immaterial. *The State* v. *Zeitler,* 63 Ind. 441, overruled, so far as it is in conflict with this decision.

From the Wabash Circuit Court.

*D. P. Baldwin,* Attorney General, *M. Good,* Prosecuting Attorney, *O. H. Bogue* and *W. W. Thornton,* for the State.

*A. Hess,* for appellee.

WORDEN, J.—Affidavit and information against the appellee for retailing without a license. On motion of the appellee, the affidavit and information were quashed, and the State excepted. This ruling of the court is assigned for error.

The affidavit, made by Elam Robbins, stated that "on or about the 1st day of January, A. D. 1880, at the county of Wabash and State of Indiana, one George W. Corll unlaw-

fully sold to said Robbins one gill of intoxicating liquor, to be drank, and suffered to be drank in the house of said Corll, where the same was so sold, to wit, one gill of intoxicating liquor, called whiskey, at and for the price of ten cents in money, he, the said Corll, not being then and there licensed to sell intoxicating liquor to be drank or suffered to be drunk in said house, contrary," etc.

The information followed the affidavit.

The objection urged to the affidavit and information is that they do not allege that the quantity of liquor sold was less than a quart.

This objection is not well taken. The 12th section of the act of March 17th, 1875, 1 R. S. 1876, p. 869, provides that "Any person not being licensed according to the provisions of this act, who shall sell or barter, directly or indirectly, any spirituous, vinous or malt liquors in a less quantity than a quart at a time, or who shall sell or barter any spirituous, vinous or malt liquors to be drank or suffered to be drank in his house, out-house, yard, garden, or the appurtenances thereto belonging, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined," etc.

This section creates two distinct offences: The first branch makes it an offence to sell or barter, without a license, spirituous, etc., liquors, in a less quantity than a quart at a time, without reference to the place where they are to be drunk. In a prosecution under the first branch of the section, that is, where it is not averred that the liquors were to be drunk, or were suffered to be drunk, in the house, etc., the indictment or affidavit and information must show that the quantity sold was less than a quart. See *Arbintrode* v. *The State*, 67 Ind. 267, and subsequent cases following it. But, under the second branch of the section, the quantity sold is entirely immaterial. The object of the second branch was to prohibit the barter or sale of such liquors in any quantity, great or small, to be drunk, or suffered to be drunk, in the

house, etc., without a license. *Schlicht* v. *The State*, 56 Ind. 173; *Plunkett* v. *The State*, 69 Ind. 68.

The averments in the affidavit and information brought the case within the second branch of the section of the statute above quoted; and there was no need, therefore, that they should show that the quantity sold was less than a quart.

If there is anything in the case of *The State* v. *Zeitler*, 63 Ind. 441, which is in conflict with the foregoing view, it must be to that extent overruled.

We are of opinion that the court below erred in quashing the affidavit and information.

The judgment below quashing the affidavit and information is reversed, with costs, and the cause remanded for further proceedings.