Hamilton v. The State.

Filed Sept. 19, 1885.

———————◆———————

No. 12,533.

## HAMILTON v. THE STATE.

CRIMINAL LAW.— *Indictment.— Signing by Prosecuting Attorney.—Printed Signature.*—Where the name of the prosecuting attorney, with the title of his office annexed, is printed at the bottom of an indictment with his consent, express or implied, instead of being written, it is a sufficient signing within the meaning of the statute, section 1669, R. S. 1881.

SAME.—*Presumption that Prosecutor's Name is Appended to Indictment by Authority.*—When the name of the prosecuting attorney is found appended to an indictment, the presumption is that it was so appended by his authority.

SAME.—*Quære,* whether the failure of the prosecuting attorney to sign an indictment would constitute such a defect as would tend to the prejudice of the substantial rights of the defendant upon the merits of the cause? Section 1756, R. S. 1881.

SAME.—*Intoxicating Liquor.—Selling Without License.— Quantity.—"Drink."*— Where, in a prosecution for selling intoxicating liquor without a license, in a less quantity than a quart, the evidence shows that the quantity sold was a "drink," and the amount paid for it was ten cents, the jury may find that the quantity sold was less than a quart.

SAME.—*Instruction.—Harmless Error.*—In such case, an instruction that to a fine the jury might add imprisonment for not less than *twenty* days, instead of *thirty* days, as provided by statute, is not an available error, imprisonment not being added as a part of the punishment.

From the Hancock Circuit Court.

*E. Marsh* and *W. W. Cook,* for appellant.

*F. T. Hord*, Attorney General, and *W. B. Hord*, for the State.

NIBLACK, J.—The indictment in this case, with all the usual and necessary formality, charged the appellant, Hamilton, with having, on the 10th day of January, 1885, sold to one Beard intoxicating liquor, in a less quantity than a quart at a time, to wit, one gill of such liquor, at and for the price and sum of ten cents, without a license to so sell intoxicating liquor. The indictment was a printed blank with the term of court, date, name of appellant, and charging part filled in with a pen, and the name of the prosecuting attorney, with the title of his office annexed, printed at the bottom instead of being written, as is usual in attaching the name of that officer to an indictment.

The appellant moved to quash the indictment upon the ground that the signature of the prosecuting attorney was necessary to its validity, and that the attaching of his name in print was not his signature within the meaning of the statute requiring that an indictment shall be signed by him. But the circuit court overruled the motion to quash, and a jury returned a verdict of guilty, fixing the appellant's punishment at a fine only, upon which a judgment of conviction was rendered.

Error is first assigned upon the refusal of the circuit court to quash the indictment.

Section 1669, R. S. 1881, provides that after an indictment has been found by a grand jury, "it must be signed by the prosecuting attorney," and where an indictment is returned without his signature, section 1670 makes it the duty of the court to require the prosecuting attorney to sign it. Section 240 of the same revision of statutes, which prescribes certain rules for the construction of the statutes of this State, declares that "The words 'written' and 'in writing' shall include printing, lithographing, or other mode of representing

words and letters. But in all cases where the written signature of any person is required, the proper handwriting of such person, or his mark, shall be intended."

The word "sign;" as a verb, has several shades of meaning, and hence a statutory requirement that an instrument in writing, or a pleading, shall be "signed" by some person or officer to make it complete, is much more general and comprehensive than a similar requirement that such an instrument or pleading must be "subscribed" by the person or officer. 3 Parsons Cont., bottom p. 8. On the same principle, the "signing" of a written instrument or pleading by a person or officer has a much broader and more extended meaning than attaching his "written signature" to it implies. When a person attaches his name, or causes it to be attached, to a writing, by any of the known modes of impressing his name upon paper, with the intention of signing it, he is regarded as having "signed" the writing. On that subject Waterman on the Specific Performance of Contracts, at section 240, says: "Where the buyer's name was stated in the commencement, and signed with his initials, it was held sufficient. The signature may be in pencil. And if the party's name be printed or stamped on the memorandum, he intending it at the time as his signature, and affirming it to be such, it will constitute a signing within the requirements of the statute. Thus, where a vendor inserted in a printed invoice, which contained his name, the name of the purchaser, it was held that there was such a ratification and adoption of the printed name as satisfied the statute." See Rapalje & L. Law Dictionary, Title "Sign–Signature;" Fry Spe. Perf. Cont., section 500; Chitty Cont., p. 549; also authorites cited by these authors.

As the prosecuting attorney is required to sign an indictment as a matter of verification merely, there is no reason for enforcing a more rigid rule as to the validity of his signature than in cases of ordinary business transactions, to which the authorities above cited mainly have reference.

This is plainly inferable from the fact that a prosecuting attorney may appoint a deputy, who, by virtue of his appointment, becomes authorized to sign the name of such prosecuting attorney to indictments, as well as to other pleadings filed, on behalf of the State, in a criminal cause. R. S. 1881, sections 5568, 5569, 5570; *Stout* v. *State*, 93 Ind. 150. If, therefore, the name of the prosecuting attorney be legibly attached to an indictment by his consent, whether express or implied, it is a sufficient "signing" by him within the meaning of the statute, and when the name of the prosecuting attorney is found appended to an indictment, the presumption is that it was so appended by his authority.

Having reached the conclusion that the indictment in this case was, in legal contemplation, signed by the prosecuting attorney, it becomes irrelevant to inquire whether the signature of that officer is essential to the validity of an indictment upon a motion to quash. It may not be amiss to remark, however, that our cases on that subject, decided under the criminal code of 1852, which, upon the particular point involved, is substantially similar to our present criminal code, are inharmonious, and by no means exhaustive of the point in question. Whether the failure of the prosecuting attorney to sign an indictment would constitute such a defect or imperfection as would tend to the prejudice of the substantial rights of the defendant upon the merits of the cause (R. S. 1881, section 1756) seems never to have been at any time fully considered by this court, and may hence be regarded as still an open question in this State. *Dukes* v. *State*, 11 Ind. 557; *Heacock* v. *State*, 42 Ind. 393.

Error is next assigned upon the overruling of the appellant's motion for a new trial, and in that connection it is argued that it was not sufficiently proved that the amount of intoxicating liquor sold, at the time charged, was less than a quart.

Beard, the prosecuting witness, testified that the appellant kept a drug store, and that he bought whiskey of the latter at his drug store, in January, 1885. The prosecuting attor-

ney then proceeded to interrogate the witness and he to answer as follows: "Question. In what quantity did you get it? Answer. I got a drink. Ques. What was it you drank? Ans. Well, we call it whiskey. Ques. What was it you drank? Ans. I drank whiskey. Ques. If you paid him (the appellant) anything state the amount? Ans. Well, I paid ten cents, or had it charged to me." And this was all the evidence bearing upon the subject of the quantity of intoxicating liquor sold at the time referred to by the witness.

It is true that this court has repeatedly held that an indictment for retailing without a license must charge in unequivocal terms that the quantity of intoxicating liquor sold at the time indicated was less than a quart. *Arbintrode* v. *State*, 67 Ind. 267 (33 Am. R. 86); *State* v. *Corll*, 73 Ind. 535.

The cases cited by counsel for the appellant have reference to the sufficiency of an indictment for retailing, and not to the character or weight of the evidence which must be adduced at the trial. One of the cases cited, that is, the case of *Haver* v. *State*, 17 Ind. 455, was, in any event as we believe, wrongly decided, as the indictment in that case charged that the quantity sold was less than a quart.

It is a matter of regret to us that the prosecuting witness was not more specifically interrogated as to the amount of whiskey purchased by him of the appellant. The jury would not have been justly censurable, if they had failed to find the appellant guilty upon the evidence as it was submitted to them, but we see no reason for holding that the evidence did not, under all the circumstances, fairly tend to prove that the amount of whiskey sold was less than a quart.

Jurors are expected to avail themselves of their experience and observation in the practical affairs of life, in judging of the force as well as the weight of the testimony of witnesses, and, as the whiskey sold in this case was valued at the small sum of ten cents, and constituted only a single drink, we can not say that the jury were not justified in inferring that the quantity purchased by the witness was less than a quart. We are

seemingly sustained in this view of the evidence by the case of *Feigel* v. *State,* 85 Ind. 580.

The court instructed the jury that, in the event they found the appellant guilty as charged, they might, in addition to a fine, add imprisonment in the county jail for not less than *twenty* days and not more than six months. This instruction was erroneous, since imprisonment in such a case can not be for a less period than *thirty* days (R. S. 1881, section 5320), and it is claimed that for that reason a new trial ought to have been granted. But, in the first place, the error resulted from a construction of the statute too favorable to the appellant. In the next place, as the jury did not add imprisonment in fixing the punishment, there is nothing upon which to base a claim that the appellant was injured by the mistake in the instruction.

The judgment is affirmed, with costs.

Filed Sept. 23, 1885.