Submitted on briefs October 10th on motions to dismiss appeals. Motions denied November 10, 1914.

# HOWARD *v.* HARTFORD INSURANCE CO.
# HOWARD *v.* HORTICULTURAL FIRE RELIEF.
# HOWARD   *v.*   GERMAN–AMERICAN   INSURANCE CO.

(144 Pac. 450.)

**Appeal and Error—Transfer of Cause—Notice of Appeal—"Signed by Himself or Attorney."**

1.   Under Section 550, L. O. L., providing that where notice of appeal is not given in open court, it must be in writing, "signed by himself or attorney," the appellant, with the approval of his attorney, or the attorney himself, may authorize another person to sign the attorney's name to a notice of appeal.

**Appeal and Error—Notice of Appeal—Sufficiency of Service.**

2.   In view of Section 539, L. O. L., providing that notices may be personally served upon an attorney, or may be served during his absence by leaving notice at his office between 6 A. M. and 9 P. M. in a conspicuous place, returns of personal service of a notice of appeal on respondent's attorney, and of a service by leaving a copy thereof in a conspicuous place in his office between 6 and 9, when there was no person in the office, showed proper service.

Appeal and Error—Notice of Appeal—Order of Court.

3. An order entered of record, purporting to state certain facts as to the signing of a notice of appeal and the service thereof, and directed to be attached to the return of service of such notice, of which the appellant was not notified, and as to which neither party appeared, was void for want of jurisdiction to make it, and could not be considered for any purpose in passing on motions to dismiss for want of proper notice of appeal.

From Jackson: ROBERT G. MORROW, Judge.

Three actions by S. T. Howard and George A. Morse against the Hartford Fire Insurance Company of Hartford, Connecticut, the Horticultural Fire Relief of Oregon, and the German-American Fire Insurance Company of New York. Judgment in each case for plaintiffs and defendants appeal. Motions to dismiss appeals were submitted on briefs without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).                    MOTIONS DENIED.

*Messrs. Boggs & Wilson* and *Mr. William I. Vawter,* for the motions.

*Messrs. Veazie, McCourt & Veazie, contra.*

In Banc. MR. JUSTICE RAMSEY delivered the opinion of the court.

The plaintiffs and respondents, in the three cases above named, have filed motions asking for orders of the court dismissing the appeals in said causes. The questions involved in said motions are the same in all of these cases. Each of said cases is an action for damages, and in each case the plaintiffs obtained a judgment in the court below. In each case the defendant appeals.

In the case against the German-American Fire Insurance Company of New York, the motion for dismissal of the appeal is in part as follows:

"Come now the above-named plaintiffs and respondents * * and move the court for an order dismissing the appeal in the above-entitled cause, for want of jurisdiction, upon the ground, that the defendant and appellant failed and neglected to serve or cause to be served on the plaintiffs and respondents the notice of appeal prescribed by statute at the time and in the manner required by the statute and the law. This motion is based upon the record herein."

The respondents' briefs are the same in all three cases, and hence we understand that the points made are common to all the cases.

The motion does not point out specifically the objections to the appeal. They are specified in the respondents' brief. The motion is not based on affidavits, but is founded upon the record in the case.

1. The first point stated in the brief is that the notice of appeal that was served was inefficient for any purpose, the respondents claiming that it was not signed by the defendant or its attorneys. The copy of the notice of appeal contained in the transcript is in due form, and purports to have been signed by "Veazie, McCourt & Veazie, attorneys for the defendant." We find nothing that is properly in the transcript that tends to bear out the contention of the plaintiffs; but the affidavit of I. C. Veazie shows the facts in relation to the signing of the notice. The firm of Veazie, McCourt & Veazie is located in Portland. The judgment appealed from was rendered in Jackson County, and the appeal was taken there. The defendant company had intrusted to said firm the full charge and direction of said cause for the defendant, and they were authorized by the defendant to employ associate counsel and to do any and all things necessary to be done in the furtherance of the interests and

rights of the defendant in relation to said cause. Said firm employed A. E. Reames, Esq., an attorney of this court, residing at Medford, in Jackson County, to prepare the papers for appealing this cause to this court, and authorized him to prepare the notice of appeal and to sign the name of said firm to said notice as attorneys for the defendant and appellant. Said affidavit shows, also, that A. E. Reames, Esq., was expressly authorized by the defendant to sign the name of said firm to said notice of appeal and to do all other things necessary to be done to perfect said appeal, and that all things that he did therein were approved by the defendant. Mr. Reames prepared said notice of appeal and subscribed the names of said firm thereto, as attorneys for said defendant and appellant. The said affidavit shows that the defendant and said firm expressly authorized Mr. Reames to sign the names of said firm to said notice, and, after he had done so, approved his said acts.

The plaintiffs contend that where notice of appeal is not given in open court, it must be in writing and signed by the appellant or his attorney (Section 550, L. O. L.). This contention is true, but the question is, Does the statute require the attorney for the appellant to sign the notice of appeal *with his own hand?*

The New York Code requires a summons to be "subscribed by the plaintiff, or his attorney." In *Barnard* v. *Heydrick,* 49 Barb. (N. Y.) 62, the fact was that the plaintiff's attorneys used a summons upon which their names had been *printed,* and it was contended that the summons was not "subscribed" by them. The printer had printed their names at the end of the summons. The court held in that case that the summons had been subscribed by the plaintiff's attorneys, within the meaning of the Code, although

their names were printed at the end thereof by a printer. A part of the syllabus of that case is as follows:

"A summons, issued by an attorney, with his name *printed* at the end thereof, is 'subscribed' by him, within the requirements of the Code."

The statute of Wisconsin required that a summons "be subscribed by the plaintiff or his attorney." In *Mezchen* v. *More,* 54 Wis. 216 (11 N. W. 534), the fact was that the name of the attorney at the end of the summons was *printed,* and the court held that it was "subscribed by the attorney" within the meaning of the statute, the court saying in part:

"The only object of requiring it [the summons] to show the name of the attorney or party who commences the action, and his postoffice address, is that the defendant may know upon whom and at what place he may serve his answer, and other papers in the action. * * This object is certainly as well accomplished when the name of the party or attorney is *printed* at the end of the summons as when it is written there; and unless the statute is imperative in requiring the signature in the handwriting of the attorney or party, there does not appear to be any reason for giving it that construction. We think the argument of the learned counsel for the appellant demonstrates that the statute does not require the written signature of the attorney or party."

In *Hotchkiss* v. *Cutting,* 14 Minn. 540 (Gil. 408), the fact was that the summons was not signed by the plaintiff's attorney, and that an agent of the plaintiff, in his presence and by his authority signed the plaintiff's name thereto. The court in that case held that the summons was signed by the plaintiff, saying *inter alia:*

"This is a sufficient subscription by the plaintiff. It is certainly as good as the writing of a firm name of

attorneys made by one member of the firm, and it cannot be doubted that such a subscription of a summons would be valid.''

In *Richardson* v. *Bachelder,* 19 Me. 82, it was held that where an attorney affixed the signature of a magistrate, which was on a slip of paper, to a writ, the writ was properly issued, the magistrate having recognized and adopted it.

In *Gamble* v. *Trahen,* 3 How. (Miss.) 32, the court says:

"It alleged that the clerk, * * whose name purported to be signed to the writ of *capias ad respondendum* had not, in fact, signed the same with his own proper hand. It was immaterial whether the clerk subscribed his name to the writ, or suffered another to do it for him. If it was issued by his consent and with his approbation, it was sufficient.''

In *Louisville & N. R. Co.* v. *Banks* (Ky.), 33 S. W. 628, the court says:

''While the summons was prepared, and the name of the clerk subscribed thereto, by one who was not in fact a deputy, the clerk appeared before its delivery to the sheriff, and sent the process out, thus signed, as his own act, and it must be so regarded.''

In *Woods* v. *Walsh,* 7 N. D. 386 (75 N. W. 767), the fact was that a third party signed the name of the attorney for the appellant to the notice of appeal at the request of said attorney, and the court held that the notice was properly signed: See, also, on this point *Hamilton* v. *State,* 103 Ind. 96 (2 N. E. 299, 53 Am. Rep. 491); *Herrick* v. *Morrill,* 37 Minn. 250 (33 N. W. 849, 5 Am. St. Rep. 841).

The affidavit of Mr. Veazie shows that both the defendant and the attorneys for the defendant authorized Mr. Reames to sign the names of the defendant's at-

torneys to the notice of appeal, and after he had done
so, the defendant and its attorneys approved his said
act.   The record shows, also, that the defendant
adopted the acts of Mr. Reames, by filing in this court
the transcript for said appeal, including said notice
of appeal, which was signed as stated *supra*.   We hold
that a person desiring to appeal a cause may, with the
approval of his attorney, authorize another person to
sign the name of his attorney to a notice of appeal,
and that a notice, thus signed, is properly signed by
the attorney for the appellant, and that attorneys for
a person desiring to appeal a case may properly au-
thorize another person to sign their names  to such a
notice.   While there are some cases that announce
a different rule, we deem the conclusion stated *supra*
to be in accord with reason and the weight of authority.

2. The sheriff of Jackson County served said notice
of appeal, and his return shows that said service was
personally made upon W. I. Vawter, Esq., one of the
attorneys for the plaintiff.   This return shows due
service.   The sheriff, however, made another return
of service of said notice in the following words:

"State of Oregon,
    County of Jackson—ss.:

"I, W. H. Singler, sheriff of Jackson County, Ore-
gon, hereby certify that I served the within notice of
appeal, upon the plaintiff herein, within Jackson
County, Oregon, on the 5th day of May, 1914, by
leaving a full, true and correct copy thereof, duly cer-
tified to by me, as sheriff for Jackson County, Oregon,
in a conspicuous place in the office and usual place of
business of W. I. Vawter, an attorney of record for
the plaintiff herein, and that I so left said copy of said
notice in a conspicuous place in said office between the
hours of 6 o'clock in the morning and 9 o'clock in the
evening on the said 5th day of May, 1914.   And I fur-
ther certify that I made such service because there

was no person in the office of said W. I. Vawter, as such attorney, nor was there at said time any person in the office of Boggs & Wilson, attorneys for the plaintiffs, nor was I able to find either the said Boggs & Wilson or the said W. I. Vawter, in Jackson County, Oregon, at said time. That I endeavored to serve said notice of appeal by leaving said copy at the residence, of O. C. Boggs, attorney for plaintiffs and W. I. Vawter, attorney for the plaintiffs, but was unable to find any person at the residence of either, and, therefore, made such service by leaving said copy in a conspicuous place in the office of the said W. I. Vawter, attorney for the plaintiffs.

> "W. H. SINGLER,
> "Sheriff,
> "By E. W. WILSON,
> "Deputy."

This return shows proper service upon W. I. Vawter, Esq., one of the attorneys of record for the plaintiffs: See Section 539, L. O. L.

3. It appears that the judge of the court below made and entered of record an order in which he purported to state certain facts in relation to the signing of said notice of appeal and the service thereof. The trial judge directed that said order be attached to the sheriff's return of service of said notice of appeal. The defendant was not notified of said proceeding, and did not appear therein. Neither party seems to have appeared therein. Said order is void for want of jurisdiction in the judge to make it, and it cannot be considered for any purpose in passing on said motions.

We find that the notice of appeal is in due form and properly signed, and that it was duly served, and that this court has jurisdiction of the appeals in the three cases referred to *supra.*

The motions to dismiss the said appeals are denied.

MOTIONS DENIED.