KOLAR ET AL. *v.* CITY OF LAPORTE.

[No. 19,960. Filed June 8, 1964.]

*Frank J. Lanigan, John J. Davie* and *Carl M. Franceschini*, all of LaPorte, for appellants.

*John E. Newby, John Anderton* and *Daniel E. Lewis, Jr.*, of counsel, all of LaPorte, for appellees.

KELLEY, J.—In September, 1961, the appellee, City of LaPorte, duly enacted and adopted a special ordinance, numbered 1133, to annex a large tract of contiguous territory. Allegedly as a majority of the owners of land in the said territory or owners of more than seventy-five (75) per cent in assessed valuation of the real estate in the territory, the appellants filed in the LaPorte Circuit Court their remonstrance against the annexation, pursuant to the provisions of the Acts 1905, ch. 129, §243, as amended in 1935, 1949 and 1955, being §48-702, Burns' 1963 Replacement. Therewith appellants moved the court to examine the petition and make determination of the sufficiency thereof, set the same for hearing, and issue notice to appellees. Appellees entered general appearance on November 27, 1961 and thereafter, on April 13, 1962, the appellee, City of LaPorte, filed its written motion in said court to "dismiss the appeal" of appellants on the asserted ground that the remonstrance was signed by "nobody" and that the signatures appearing on the remonstrance had been first placed on separate sheets "where they now repose in the files of this court" and thereafter were detached therefrom and attached to the remonstrance presented to the court. Attached to the appellees' dismissal motion, and made a part thereof, is the conditional examination of the appellant, Winifred R. Kolar, and attention is directed by the motion to certain

testimony in the conditional examination which appellee asserts substantiates the allegations of the motion to dismiss.

The court overruled the motion to dismiss. Thereafter, said appellee petitioned for a "rehearing" of its motion to dismiss, and the court thereafter sustained the dismissal motion and dismissed "this cause". This action of the court is here assigned as error.

The record contains no entry of determination by the court as to whether the remonstrance "bears the necessary signatures."

It appears from the record that numerous remonstrances and counterparts thereof were circulated among the land owners in the territory proposed to be annexed and signatures of landowners were obtained thereon. These signed remonstrances became too "ragged," "dirty," and "torn" to be filed in the court and the remonstrance was then retyped on other paper with no difference in the wording thereof except that the names of the remonstrators were listed as "plaintiffs" thereon. The motion to dismiss alleges that the written signatures of the landowners to the circulated remonstrances were detached therefrom and attached to the remonstrance filed and presented to the court and the said conditional examination reveals that the signatures of the remonstrators were attached to the filed remonstrance by one or more of the attorneys for the remonstrators.

The statute involved in this proceeding is §243, ch. 129, Acts 1905, as finally amended by Acts 1955, ch. 269, §3, being §48-702, Burns' 1963 Replacement, which provides in material and pertinent part as follows:

"Whenever territory is annexed to a city . . . by special ordinance for the purpose of annexing territory, an appeal may be taken from such annexation by either a majority of the owners of land in the territory or by the owners of more than seventy-five (75) per cent in assessed valuation of the real estate in the territory, if they deem themselves aggrieved or injuriously affected, by filing their remonstrances in writing against such annexation, together with a copy of such ordinance, in the circuit or superior courts of the county where such territory is situated or with the judge thereof in vacation, within thirty (30) days after the last publication provided for in Section 242 (48-701); such written remonstrance or complaint shall state the reason why such annexation ought not in justice take place. Upon receipt of such remonstrance the court or the judge thereof in vacation shall determine whether it bears the necessary signatures and complies with the requirements of this section. In determining the total number of landowners of the area and whether or not signers of the remonstrance are landowners, the names as they appear upon the tax duplicates shall be prima facie evidence of such ownership. In ascertaining the number of landowners of the area and for the purpose of determining the sufficiency of the remonstrance as to the number of landowners required to constitute a majority, not more than one (1) person having an interest in a single property, as evidenced by the tax duplicate, shall be considered a landowner. Upon the determination of the judge of the court that the remonstrance is sufficient he shall fix a time for a hearing on the remonstrance which shall be held not later than sixty (60) days thereafter. . . . The judge of the court shall, upon the date fixed, proceed to hear and determine such appeal without the intervention of jury, and shall, without delay, give judgment upon the question of such annexation according to the evidence which either party may introduce. . . ."

The fundamental question in this appeal is whether,

under the provisions of the aforecited statute, the particular remonstrance "or complaint" which was filed in the circuit court "against" the annexation by aggrieved owners of land in the territory intended to be annexed must be actually and personally and individually signed by each of the required number of remonstrators, or may their signatures be attached to the filed remonstrance "or complaint" by their attorney with their authorization?

Nothing appears in the act here under observation which requires the circulation of the remonstrance or remonstrances among the landowners of the affected territory. Although the wording of the act lacks much in clarity and borders on a state of confusion, it seems fair to deduct that for the purpose of an authorized "appeal" to the circuit or superior court, the vital requirements of the act are that at least the designated minimum number of landowners of the territory or owners of at least seventy-five per cent of the assessed valuation of the land in the territory must remonstrate against the proposed annexation; that the remonstrance or remonstrances must be "in writing" and state the reason why the annexation ought not in justice take place; and that the same must be filed in one of the stated courts, together with a copy of the ordinance of annexation. It is provided that the remonstrance be "in writing," which includes "printing, lithographing, or other mode of representing words and letters." Sec. 1-201, clause Ninth, Burns' 1946 Replacement. We find no provision in the act which requires the remonstrators to *sign* the remonstrances or that the same shall bear the *written signatures* of the remonstrators. It is provided that the court or the judge thereof in vacation shall determine whether the remonstrance bears the "necessary" signatures, and for the

purpose of determinating "the total number of landowners of the area and whether or not *signers* of the remonstrance are landowners" the names as they appear on the tax duplicate shall be prima facie evidence of ownership. It is apparent that the word "signers" as here used and employed in the act has no reference to the way, manner or mode in which or by which the names of the remonstrators were placed upon or attached to the remonstrance or that the actual, personally subscribed signatures of the remonstrators is connoted. Rather, it seems quite definite that the word "signers," as here employed, has application to the names of the remonstrators appearing on the remonstrance as landowners, the total number and authenticity of which the court is to determine by comparison with the names appearing on the tax duplicates.

Now, in the instant case, it appears from the motion to dismiss, and the exhibit attached thereto, that the remonstrating appellants signed remonstrances, and counterparts thereof, against the annexation. So that if these original papers with appellants' signatures thereon had been filed in the circuit court, the present question probably would have been averted. These same signatures were detached by appellants' attorneys from the original remonstrance sheets and attached to a newly typed sheet containing the same statement of remonstrance as was contained in the original sheets. Appellee, City of LaPorte, therefore contends that no remonstrance was filed or is before the court, and consequently no appeal from the proposed annexation was taken, because the "document filed as an original remonstrance petition had no signatures signed to it."

No challenge is made that the act of appellants' attorneys in attaching appellants' signatures, as land

owner remonstrators, to the newly typed statement of remonstrance, was not authorized by the appellants. We detect no vital difference in the applicable legal principles to the circumstance here divulged than are applicable to a situation where an attorney signs the names of the remonstrators to a written remonstrance, with the authorization of the remonstrators.

In *Ashwell* v. *Miller* (1913), 54 Ind. App. 381, on page 386, 103 N. E. 37, many cases are cited in support of the rule:

" . . . That the words 'signing' and 'subscribing' have for all practical purposes the same meaning when applied to the act of affixing a name to a written instrument, and that such a signing or subscribing may legally be done by another for the party to such instrument, if done at his request, and that it may be done with pen and ink, pencil, stamp, stencil, typewriter or type, and that this rule applies to the signing or subscribing of pleadings . . ."

See also, 80 C. J. S., *Signatures*, §6, p. 1291; *City of Gary* v. *Russell* (1953), 123 Ind. App. 609, pt. 5, on pages 615, 616 and 617, 112 N. E. 2d 872; *Nye* v. *Lowry* (1882), 82 Ind. 316, on pages 319 and 320; *Hamilton* v. *The State* (1885), 103 Ind. 96, on page 98, 2 N. E. 299. In *Ardery et al.* v. *Smith* (1905), 35 Ind. App. 94, pages 96 and 97, 73 N. E. 840, the court upheld a remonstrance against the issuance of a liquor license upon which the attorney had typed with a typewriting machine the 341 names of the remonstrators. The court said, on page 97, by quotation from cited material: "Words traced with a pen, or stamped, printed, engraved, or *made legible by any other device,* are written." (Emphasis supplied). And in 80 C. J. S., *Signatures,* §7, on page 1292, it is stated that "in the absence of a statute prescribing the method of affixing

a signature, *it may be . . . cut from one instrument and attached to another.*" (Emphasis is ours).

The last aforecited authorities warrant the conclusion, we think, that the attachment by their attorneys of appellants' signatures, as remonstrators, to the remonstrance filed in the Circuit Court in this proceeding, was sufficient and effective, within the purpose and intent of said act, if the act of said attorneys in so doing was authorized by said remonstrators. As previously observed, no challenge to such authority of the attorneys has been made. It follows, as said in *Adams et al.* v. *Smith* (1910), 173 Ind. 398, on page 403, pt. 7, 90 N. E. 625, that "in the absence of challenge, the presence of the signatures is *prima facie* evidence of their proper attachment and legal qualification." It is further said, in that case, on page 402, that "Whether the names were signed by authority, . . . were questions of fact." The fact that the appellants have pursued this appeal may be viewed as an indication that the said action of their attorneys relative to the attachment of their signatures, as aforesaid, was authorized and adopted by them.

While we do not seek the position of granting our approbation or of placing our stamp of approval upon the method in which the remonstrance was procedurally prosecuted in this action, neither do we lend juridical sanction to the rather summary dismissal by the court of the "appeal" of a large number of landowners vitally affected by the proposed annexation of their land, without any judicial hearing of the remonstrance as provided by said statute, or any examination of the justice of their aggrievance. The protection and preservation at the local level of the property rights of the citizenry, within the constitu-

tional and legislative safeguards, is vital to the heart of the American way of life. To accomplish this worthy objective, it is essential that local self government and control be maintained as the one remaining bulwark of the freedom established by the foresight and blood of the pioneers of our country.

The judgment herein appealed from is reversed and this cause is remanded with instructions for further proceedings in accordance with the provisions of §48-702, Burns' 1963 Replacement.

Hunter, C. J., and Mote and Pfaff, JJ., concur.

NOTE—Reported in 198 N. E. 2d 878.