**TOWN OF GEORGETOWN,**
Appellant–Respondent,

v.

**EDWARDS COMMUNITY, INC.,**
et al., Appellees–Petitioners.

No. 22A01–0704–CV–169.

Court of Appeals of Indiana.

May 8, 2008.

Matthew Jon McGovern, Evansville, IN, Attorney for Appellant.

John A. Kraft, Jason A. Lopp, Jennifer Kraft Kuchle, Young, Lind, Endres & Kraft, New Albany, IN, Attorneys for Appellees.

## OPINION

MATHIAS, Judge.

The Town of Georgetown ("the Town") appeals the order of the Floyd Circuit Court imposing a moratorium on future attempts by the Town to annex certain territories and awarding attorney fees to Edwardsville Community, Inc. ("Edwardsville").

We reverse.

### Facts and Procedural History

The relevant facts are undisputed by the parties. On November 2, 2005, Tunnel Mill Farms, LLC ("Tunnel Mill"), a real estate developer, filed a petition before the Town's council for voluntary annexation of two tracts of land it owned.[1] Tunnel Mill sought the annexation in order to obtain approval of a proposed re-plat of the land to expand a housing addition and in order to use the Town's sanitary sewer service for the proposed addition. The Town granted Tunnel Mill's petition by passing Annexation Ordinance G–05–38 on March 16, 2006. The Town then subsequently approved the proposed re-plat. The addition of the Tunnel Mill land to the Town's boundaries would have caused a second set of properties to be contiguous to the Town's limits. Therefore, on April 16, 2006, Georgetown Wastewater Utility ("the Utility") petitioned the Town for the voluntary annexation of these properties[2] so that it could build a wastewater treatment plant. The Town granted the Utility's proposed annexation by passing Annexation Ordinance G–06–20 on May 30, 2006.

A group of residents opposed to the annexations and the building of the proposed wastewater treatment plant incorporated as Edwardsville. On May 26, 2006, Edwardsville filed a complaint for remonstrance and declaratory judgment, seeking to prevent the first proposed annexation.[3] Edwardsville challenged the second proposed annexation by filing another complaint for remonstrance and declaratory judgment on June 30, 2006.[4] By agreement of the parties, these two causes were consolidated on July 21, 2006. On August 16, 2006, Edwardsville filed a request for a hearing on its complaints. The trial court then set a hearing on Edwardsville's complaints to be held on October 26, 2006.

However, before the hearing on the remonstrances could take place, the Town repealed both annexation ordinances on October 19, 2006. Accordingly, the Town filed a motion to dismiss Edwardsville's complaints on October 23, 2006, claiming that the annexation issue was moot. Edwardsville responded to this motion to dismiss, requesting that the trial court declare any action by the Town in the land that was to be annexed declared void and again asking for attorney fees. The trial court held a hearing on the these motions on October 26, 2006. At the hearing, Ed-

---

1. We will refer to these two tracts of land as "Territory A."

2. We will refer to these properties as "Territory B." We will refer to Territory A and Territory B collectively as "the subject Territories."

3. Specifically, the complaint alleged that the first proposed annexation was improper because Territory A was not contiguous with the Town and that Tunnel Mill was not the owner of 100% of Territory A. The complaint therefore requested that the trial court issue an order preventing the proposed annexation, declaring the proposed annexation to be illegal, and awarding Edwardsville "costs associated with this action." Appellant's App. p. 22.

4. This complaint made substantially the same allegations as the first, i.e. that Territory B was not contiguous to the Town and that the Utility was not the owner of 100% of Territory B. The relief sought in this complaint was also substantially the same as the first complaint.

wardsville requested that the trial court declare a forty-two month moratorium on future attempts by the Town to annex the subject Territories.

On December 1, 2006, the trial court entered findings of fact and conclusions of law granting Edwardsville's requested relief. The relevant portions of the trial court's judgment are as follows:

7. Under I.C. 36–4–3–15(e), if a municipality repeals an annexation ordinance at least one hundred twenty-one (121) days after publication of the ordinance but before the hearing commences on a remonstrance against the annexation, the municipality may not make further attempts to annex the territory or any part of the territory during the forty-two (42) months after the date the municipality repeals the annexation ordinance.

8. Because [the Town] repealed annexation Ordinance No. G05–38 and Ordinance No. G–06–20 more than one hundred twenty-one (121) days after publication of the Ordinances and before any hearing on the remonstrance, [the Town] may not make further attempts to annex those territories, or any part thereof, within forty-two (42) months from October 19, 2006.

9. When an action is brought in remonstrance against an annexation under I.C. 36–4–3–11 or under I.C. 36–4–3–15.5, costs follow the judgment.

* * *

11. Because [Edwardsville] brought remonstrance actions against the annexations attempted by Ordinance Nos. G–05–38 and G–06–20, and, prior to the hearing on the remonstrance actions, [the Town] repealed those annexation ordinances and moved for dismissal of the remonstrance actions as a result of the repeal, [Edwardsville] [is] entitled to costs, including attorney's fees.

12. [Edwardsville is] entitled to the amount of Six Thousand Three Hundred Seventy and 50/100 Dollars ($6,317.50) in attorney's fees and the amount of Two Hundred Sixty Dollars ($260.00) in court costs, plus interest.

Appellant's App. pp. 161–62.

The Town then filed a motion to correct error on December 29, 2006. The trial court held a hearing on pending motions, including the Town's motion to correct error on March 6, 2007. At the conclusion of the hearing, the trial court denied the Town's motion to correct error. The Town now appeals.

## I. Moratorium

The Town claims that the trial court's December 1, 2006 order improperly declared a forty-two month moratorium upon future attempts by the Town to annex the subject Territories. In so doing, the trial court relied upon Indiana Code section 36–4–3–15 (2006) ("Section 15") which provides in pertinent part:

(e) This subsection applies if a municipality repeals the annexation ordinance:

 (1) either:

 (A) at least one hundred twenty-one (121) days after publication of the ordinance under section 7(a) of this chapter but before the hearing commences on the remonstrance under section 11(c) of this chapter; or

 (B) after the hearing commences on the remonstrance as set forth in section 11(c) of this chapter; and

 (2) before the date of the judgment of the circuit or superior court as set forth in subsection (b).

A municipality may not make further attempts to annex the territory or any

part of the territory during the forty-two (42) months after the date the municipality repeals the annexation ordinance. This subsection does not prohibit an annexation of the territory or part of the territory that is petitioned for under section 5 or 5.1 of this chapter.

It appears undisputed that the Town repealed the annexation ordinances at least 121 days after publication of the ordinances but before the trial court had an opportunity to hold a hearing on Edwardsville's remonstrance complaints. It is also undisputed that the Town repealed the annexation ordinances before the trial court entered judgment. Edwardsville therefore argues that the trial court properly recognized the forty-two month moratorium provided for in Section 15(e). The Town, however, claims that the forty-two month moratorium mention in Section 15(e) depends upon the trial court's holding a hearing under Indiana Code section 36–4–3–11 (2006) ("Section 11").

Edwardsville's remonstrance complaints referenced both Section 11 and Indiana Code section 36–4–3–15.5 (2006) ("Section 15.5"). Section 11(a) provides that a proposed annexation may be challenged by filing a written remonstrance signed either by at least sixty-five percent of the landowners in the territory to be annexed, or by the owners of more than seventy-five percent in assessed valuation of the land in the territory to be annexed. Section 11(b) provides that the trial court shall then determine if the remonstrance has the necessary signatures. Section 11(c) then provides that the trial court shall fix a hearing on the remonstrance, but only "[i]f the court determines the remonstrance is suf-

ficient," i.e., it contains the necessary signatures.

Section 15.5(a) provides for remonstrances against proposed annexations by an owner of land within one-half mile of the territory to be annexed. Section 15.5(c) provides for a hearing on the remonstrance complaint "[u]pon the determination by the [trial] court that the complaint is sufficient." Thus, both Section 11(c) and Section 15.5(c) provide for hearings on remonstrance complaints, but only if the complaints have first been deemed "sufficient" by the trial court.

According to the Town, the applicability of the moratorium provided for in Section 15(e) depends upon the timing of the repeal of the annexation statute in relation to a hearing under Section 11(c) but not a hearing under Section 15.5(c). This distinction is important because, according to the Town, although Edwardsville's complaints referenced both Section 11 and Section 15.5, the complaints were facially deficient under Section 11. Thus, the Town argues, the trial court could never have properly set a hearing under Section 11(c), and the moratorium provided for in Section 15(e) should never have come into play. The question before us is therefore whether Edwardsville's remonstrance complaints, and the hearing the trial court scheduled thereon, was a hearing under Section 11(c), a hearing under Section 15.5(c), or both.

■ Upon review of the materials before us, we must conclude that Edwardsville's remonstrance complaints were, under Section 11, facially insufficient. In its remonstrance complaints, Edwardsville alleged, pursuant to Section 11(a), that three of the remonstrators [5] owned land within

5. The initial complaint alleged that only one of the remonstrators owned land within the territory to be annexed under the first annexation ordinance. The second complaint alleged that two other remonstrators owned land within the territory to be annexed under the second annexation ordinance.

the subject Territories. However, the remonstrances did not, as required by Section 11(a), contain any signatures of those who owned land in the territory to be annexed, much less sixty-five percent of the landowners; nor did the remonstrance complaints even allege that the remonstrators who owned land within the subject territories owned more than seventy-five percent in assessed valuation of the subject Territories. In fact, Edwardsville tacitly admitted that its remonstrance complaints were not properly brought under Section 11; its motion to set a hearing on the remonstrance complaints requested only a hearing under Section 15.5(c) and made no mention of a hearing under Section 11(c).

Thus, the remonstrance hearing which the trial court scheduled was not, and could not have properly been, a hearing under Section 11(c). Without a Section 11(c) hearing, there was no trigger for the forty-two month moratorium provided for in Section 15(e). We therefore conclude that the trial court erred by including a moratorium in its December 1, 2006 order.[6]

## II. Attorney Fees

 The Town claims that the trial court erred in awarding Edwardsville costs, including attorney fees. With respect to the payment of attorney fees, Indiana follows the "American Rule," under which parties are required to pay their own attorney fees absent an agreement between the parties, statutory authority, or other rule to the contrary. *Courter v. Fugitt*, 714 N.E.2d 1129, 1132 (Ind.Ct.App. 1999). Statutes which provide for the award of attorney fees are therefore in derogation of the common law and must be strictly construed.

 Here, Edwardsville claimed that it was entitled to costs, including attorney fees, under Section 15.5(c), which simply provides, "Costs follow judgment."[7] We first observe that no party has explained why the award of "costs" should include an award of attorney fees as opposed to simply court costs. Construing Section 15.5(c) strictly, as we must, we cannot say that it provides for the award of attorney fees in the absence of explicit statutory language authorizing the award of "attorney fees" as opposed to simply providing for "costs."

With regard to whether costs should have been awarded at all, we turn to the relevant portion of Section 15.5(c). Our research reveals no case which has interpreted this provision.[8] To put this portion of the statute in context, we quote Section 15.5(c) in its entirety:

6. Even if the forty-two month moratorium was applicable, the parties agree that Section 15(e) provides that such a moratorium "does not prohibit an annexation of the territory or part of the territory that is petitioned for under section 5 or 5.1 of this chapter." Indiana Code sections 36–4–3–5 and 36–4–3–5.1 deal with so-called "voluntary" and "super-voluntary" annexations. The trial court's December 1, 2006 order did not mention these exceptions to the moratorium.

7. Indiana Code section 36–4–3–14 (2006) provides:

In a hearing under section 12 of this chapter, the laws providing for change of venue from the county do not apply, but changes of venue from the judge may be had as in other cases. *Costs follow judgment.* Pending the remonstrance, and during the time within which the remonstrance may be taken, the territory sought to be annexed is not considered a part of the municipality.

(emphasis added). As explained above, here the trial court's hearing was held pursuant to Section 15.5(c); there was no hearing under Indiana Code section 36–4–3–12 (2006). Therefore, Indiana Code section 36–4–3–14 is inapplicable.

8. Our research has also revealed no case discussing the identically-worded portion of Indiana Code section 36–4–3–14.

Upon the determination of the court that the complaint is sufficient, the judge shall fix a time for a hearing to be held not later than sixty (60) days after the determination. Notice of the proceedings shall be served by summons upon the proper officers of the annexing municipality. The municipality shall become a defendant in the cause and be required to appear and answer. The judge of the circuit or superior court shall, upon the date fixed, proceed to hear and determine the appeal without a jury, and shall, without delay, give judgment upon the question of the annexation according to the evidence introduced by the parties. If the evidence establishes that the territory sought to be annexed is contiguous to the annexing municipality, the court shall deny the appeal and dismiss the proceeding. If the evidence does not establish the foregoing factor, the court shall issue an order to prevent the proposed annexation from taking effect. The laws providing for change of venue from the county do not apply, but changes of venue from the judge may be had. *Costs follow judgment.* Pending the appeal, and during the time within which the appeal may be taken, the territory sought to be annexed is not a part of the annexing municipality.

I.C. § 36–4–3–15.5(c) (emphasis added). First, this subsection sets forth the procedures for setting a remonstrance hearing. It then establishes the rule to be applied by the trial court in making its ultimate decision on the propriety of the remonstrance. After mentioning that change of venue may be had from the judge, but not the county, the statute says simply, "Costs follow judgment." After that, it explains the status of the territory sought to be annexed during the pendency of the remonstrance process.

■ Thus, in context, that portion of the statute calling for "costs" following the "judgment" obviously references a judgment on the merits of the remonstrance appeal. That is, if the evidence establishes that the territory sought to be annexed is contiguous to the municipality, then the municipality prevails, and it is entitled to "costs." If the evidence establishes that the territory sought to be annexed is not contiguous to the municipality, then the remonstrators prevail, and they are entitled to "costs."

Here, neither of these events occurred. There was no opportunity for them to occur because the Town repealed the annexation ordinances, thereby making any decision on the merits of Edwardsville's remonstrances unnecessary. Be that as it may, it does not alter the fact that no judgment on the merits of the remonstrance was entered. In the words of the text of Section 15.5(c), without a "judgment" on the merits of the remonstrance, there is nothing for the "costs" to "follow." We therefore conclude that the trial court erred in ordering the Town to pay costs to Edwardsville because the trial court did not enter a judgment on the merits of the remonstrance. It simply recognized that the Town had repealed the annexation ordinance and (erroneously) concluded that the repeal triggered a moratorium on future annexations.

**Conclusion**

The trial court erred in imposing a forty-two month moratorium on future annexation attempts by the Town because Edwardsville's remonstrance was facially insufficient under Section 11. Because of this, the trial court could not properly set a hearing pursuant to Section 11(c), and without a hearing set under Section 11(c), there was no trigger for the moratorium once the Town repealed the annexation ordinances. The trial court also erred in

ordering the Town to pay Edwardsville costs because there was no judgment on the merits of the remonstrance.

Reversed.

FRIEDLANDER, J., and ROBB, J., concur.