891 N.E.2d 1157 (2008)
In re The PETITION TO ANNEX an APPROXIMATELY 7,806 ACRES OF REAL ESTATE INTO the CITY OF JEFFERSONVILLE, Indiana,
Bruce Herdt, Louis Evans, and Charlie Milburn, as Individuals and as Representatives of the Affected Landowners, Appellants-Petitioners,
v.
City of Jeffersonville, Indiana, and Common Council for Jeffersonville, Indiana, Appellees-Respondents.
No. 10A01-0804-CV-167.
Court of Appeals of Indiana.
August 15, 2008.
*1159 Derrick H. Wilson, Debra S. Andry, Mattox & Wilson, New Albany, IN, Attorneys for Appellants.
Larry O. Wilder, Jeffersonville, IN, Attorney for Appellees.

OPINION
BROWN, Judge.
Bruce Herdt, Louis Evans, and Charlie Milburn (collectively "Remonstrators") appeal the trial court's dismissal of their complaint against the City of Jeffersonville ("City") and the Common Council of the City of Jeffersonville. The Remonstrators raise three issues, which we revise and restate as whether the trial court erred when it dismissed their complaint for lack of jurisdiction. We affirm.
The relevant facts follow. On August 6, 2007, the City's Common Council adopted Ordinance No.2007-OR-10, which proposed to annex to the City six tracts of contiguous real estate in Clark County comprising approximately 7,806 acres and including, according to the City, 3,660 households.[1] The City published the ordinance in a local newspaper on August 28, 2007. On November 26, 2007, ninety days after publication of the ordinance, the Remonstrators filed a "complaint for remonstrance" on behalf of the landowners of Tract B, one of the six tracts to be annexed by the City.[2] Appellant's Appendix at 1. The complaint, which was signed only by the Remonstrators' attorneys, recited that, in conformance with Ind.Code § 36-4-3-11(a), the Remonstrators represented "no less than sixty-five percent (65%) of the landowners within [Tract] B or seventy-five percent (75%) of the assessed valuation of the land" that the City was attempting to annex. Id. The complaint also recited that the Remonstrators were "in possession of the original signature list containing the signatures of 2,632 landowners, which will be submitted to the Court and opposing counsel after copying as Petitioners' Exhibit 1." Id. at 1-2.
On November 28, 2007, the Remonstrators filed the signature lists as an exhibit to their complaint for remonstrance. On November 29, 2007, the Remonstrators filed an amended complaint for remonstrance along with the signature lists as an exhibit. That same day, the City filed a motion to set a hearing to determine the sufficiency of the signatories and a motion to dismiss the remonstrance on the grounds that the trial court "lack[ed] subject *1160 matter jurisdiction as the result of the Remonstrators' failure to timely comply with the jurisdictional filing requirements established by IC § 36-4-3-11(a)." Id. at 572.
After a hearing, on March 10, 2008, the trial court granted the City's motion to dismiss for lack of jurisdiction, holding that the "original complaint was filed without signatures and the court will not permit the belated addition of signatures in an effort to satisfy the statutory requirements." Id. at 689. The trial court also denied the Remonstrators' "request to include the [landowners'] signatures as a part of the amended complaint" because "the signatures are not a part of the complaint." Id. The Remonstrators later filed a motion to correct errors, which the trial court denied. The trial court granted, however, the Remonstrators' motion for stay and held that the City "shall not pursue any efforts to annex Tract B while the appeal of this Court's prior ruling is pending." Id. at 690.
The issue is whether the trial court erred when it dismissed the Remonstrators' complaint for remonstrance for lack of jurisdiction. The Indiana Supreme Court clarified jurisdiction concepts in K.S. v. State, 849 N.E.2d 538 (Ind.2006). The Court held:
Like the rest of the nation's courts, Indiana trial courts possess two kinds of "jurisdiction." Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Personal jurisdiction requires that appropriate process be effected over the parties.
Where these two exist, a court's decision may be set aside for legal error only through direct appeal and not through collateral attack. Other phrases recently common to Indiana practice, like "jurisdiction over a particular case," confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations.
Id. at 540. "Jurisdiction over the case" refers rather to various procedural prerequisites to the exercise of subject matter jurisdiction. Packard v. Shoopman, 852 N.E.2d 927, 930 (Ind.2006). The issue of a party's failure to satisfy such procedural prerequisites is properly raised by means of a motion under Ind. Trial Rule 12(B)(1) for lack of jurisdiction or 12(B)(6) for failure to state a claim, depending on whether the claimed defect is apparent on the face of the complaint. See id. at 930-931 (quoting Wayne County Property Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove # 29, 847 N.E.2d 924, 926 (Ind.2006)). Thus, the City properly raised this issue by way of a motion to dismiss.
The standard of appellate review for a motion to dismiss for lack of jurisdiction is a function of what occurred in the trial court. GKN Co. v. Magness, 744 N.E.2d 397, 401 (Ind.2001). The standard of review is dependent upon "(i) whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a `paper record.'" Id. Here, the relevant facts before the trial court were not in dispute, and the question of jurisdiction is purely one of law. See id. Consequently, our review is de novo. Id.; see also M-Plan, Inc. v. Ind. Comprehensive Health Ins. Ass'n, 809 N.E.2d 834, 837 (Ind.2004).
Annexation is an essentially legislative function. Bradley v. City of New Castle, 764 N.E.2d 212, 215 (Ind.2002) (citing Rogers v. Mun. City of Elkhart, 688 N.E.2d 1238, 1239 (Ind.1997)). It is subject to judicial review only as provided by statute, and "[t]he larger object of the *1161 annexation statute is, as it always has been, to permit annexation of adjacent urban territory." Id. (quoting Rogers, 688 N.E.2d at 1242). Therefore, a landowner's challenge to annexation is not a regular lawsuit, but rather a special proceeding the General Assembly may control. Id. (citing Thorn v. Silver, 174 Ind. 504, 510, 89 N.E. 943, 946 (1909)).
We have previously stated that "Ind.Code § 36-4-3-11(a) provides the specific averments necessary for a remonstrance to be valid and confer jurisdiction on the court" and that, "[s]hould the remonstrance be found insufficient, the trial court is without subject matter jurisdiction over the action and cannot proceed further." Sons v. City of Crown Point, 691 N.E.2d 1237, 1239 (Ind.Ct.App.1998). However, in light of K.S., we believe that these characterizations of a trial court's jurisdiction over remonstrance proceedings refer to the now abolished "jurisdiction over the case." A more accurate portrayal of Ind.Code § 36-4-3-11(a) is that it provides the procedural prerequisites to the trial court's exercise of subject matter jurisdiction over remonstrance proceedings. See Packard, 852 N.E.2d at 930 ("We conclude that when section 33-26-6-2 was passed, the General Assembly used `jurisdiction' to refer to the now abolished `jurisdiction over the particular case,' i.e. procedural prerequisites that can be waived or procedurally defaulted if not timely raised.").
Ind.Code § 36-4-3-11(a) provides:
[W]henever territory is annexed by a municipality under this chapter, the annexation may be appealed by filing with the circuit or superior court of a county in which the annexed territory is located a written remonstrance signed by:
(1) at least sixty-five percent (65%) of the owners of land in the annexed territory; or
(2) the owners of more than seventy-five percent (75%) in assessed valuation of the land in the annexed territory.
The remonstrance must be filed within ninety (90) days after the publication of the annexation ordinance under section 7 of this chapter, must be accompanied by a copy of that ordinance, and must state the reason why the annexation should not take place.
"On receipt of the remonstrance, the court shall determine whether the remonstrance has the necessary signatures." Ind.Code § 36-4-3-11(b)). Should the remonstrance be found insufficient, the trial court may not exercise its subject matter jurisdiction over the action or proceed further. See Sons, 691 N.E.2d at 1239.
The Remonstrators argue that their complaint for remonstrance "should only be dismissed if the number of landowners' signatures is found to be insufficient." Appellant's Brief at 9. In other words, they appear to argue that the trial court must determine whether the number of signatures filed with their amended complaint for remonstrance is sufficient before ruling on the City's motion to dismiss. However, the trial court granted the City's motion to dismiss because the Remonstrators had failed to file a complaint signed by the statutorily mandated number of landowners within the ninety-day deadline. Accordingly, we must determine whether filing the remonstrance without the signatures complied with the statute and, if it did not, whether the attempt of the Remonstrators to amend the complaint after the ninety-day deadline cured the procedural error.
As noted above, Ind.Code § 36-4-3-11(a) requires that a written remonstrance signed by the statutorily mandated percentage of landowners be filed within ninety days after publication of the annexation *1162 ordinance. The Indiana Supreme Court has held that this deadline is "in effect a statute of limitations as to the filing of remonstrances to annexation proceedings." Petercheff v. City of Indianapolis, 242 Ind. 490, 495, 179 N.E.2d 866, 866 (1962) (holding on denial of rehearing). We have recently held that a remonstrance filed within the ninety day deadline, but which did not contain any signatures of those who owned land in the territory to be annexed, was "facially insufficient" under Ind.Code § 36-4-3-11(a). Town of Georgetown v. Edwards Cmty., Inc., 885 N.E.2d 722, 725 (Ind.Ct.App.2008). Here, as was the case in Georgetown, the original written remonstrance was signed only by the Remonstrators' attorneys and failed to include the signatures of the landowners. Accordingly, we conclude that the Remonstrators failed to comply with the statute and that the remonstrance was facially insufficient.[3]See id.
Despite this insufficiency, the Remonstrators argue that the amended remonstrance filed three days after the expiration of the limitations period and including the landowner signatures should relate back to the original remonstrance pursuant to Ind. Trial Rule 15. Trial Rule 15(A) provides in relevant part: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires." Trial Rule 15(C) provides in relevant part: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Thus, the Remonstrators argue that they exercised their right to amend the pleading once as a matter of course before the City filed its response and that, therefore, the amended remonstrance which was filed with the required signatures should replace their original filing. We disagree.
With respect to annexation cases, we have held that "the normal rules of civil procedure do not apply in a statutory proceeding of this kind . . . to the extent of where the statute is in conflict with normal procedural rules." Bata Shoe Co., Inc. v. City of Salem, 153 Ind.App. 323, 328, 287 N.E.2d 350, 353 (1972). Thus, we must determine whether Ind.Code § 36-4-3-11 conflicts with the provisions of Trial Rule 15 for amending a complaint.
Ind.Code § 36-4-3-11(b) provides that, "[o]n receipt of the remonstrance, the *1163 court shall determine whether the remonstrance has the necessary signatures." We recognize that this language does not require the trial court to make its determination of the sufficiency of the remonstrance within the statutorily prescribed period. See In re Annexation of Certain Territory, 138 Ind.App. 207, 213, 212 N.E.2d 393, 397 (1965) ("Of the 30 days provided by the statute the remonstrators will take some time preparing documents, obtaining signatures and checking records. To require the court in the remaining part of the 30 days to make its determination is not reasonable, nor do we believe it to be the intention of the legislature."), reh'g denied. Nevertheless, Ind.Code § 36-4-3-11(a) provides that the remonstrance to be received by the trial court must be filed within ninety days after publication of the annexation ordinance. Accordingly, we hold that this statute precludes the filing of an amended petition for remonstrance pursuant to Trial Rule 15 to add the statutorily required signatures after the ninety-day limitations period has run.
The Remonstrators failed to comply with the statutory requirement that the written remonstrance signed by the landowners be filed within ninety days after publication of the annexation ordinance. Because Ind.Code § 36-4-3-11 precludes the filing of an amended complaint to add the necessary signatures after the limitations period, the Remonstrators were unable to cure the procedural defect. The trial court was therefore unable to exercise its subject matter jurisdiction over the petition for remonstrance, and we conclude that it did not err in granting the City's motion to dismiss for lack of jurisdiction. See, e.g., Sons, 691 N.E.2d at 1240 (holding that the trial court did not err in dismissing remonstrators' complaint for lack of jurisdiction where the remonstrators did not have the requisite signatures or property valuation to have standing for their remonstrance complaint).
The Remonstrators also appear to argue that their complaint raises a claim for declaratory judgment that the annexation ordinance is invalid because of certain due process violations committed by the City. However, the Remonstrators did not file an action for declaratory judgment, and we fail to find any language in the remonstrance that could be construed as a prayer for declaratory relief. Likewise, their proposed amended complaint did not present a claim for declaratory judgment. See Sons, 691 N.E.2d at 1241 (rejecting the remonstrators' assertion that their complaint could be understood to raise a claim for declaratory judgment that the annexation ordinance at issue should be declared invalid). Although the Remonstrators argued in their motion to correct errors that they wished to elaborate on their procedural due process claims, "[a] party may not raise an issue for the first time in a motion to correct error or on appeal." Troxel v. Troxel, 737 N.E.2d 745, 752 (Ind.2000). Thus, the Remonstrators have waived review of this issue. See, e.g., Hlinko v. Marlow, 864 N.E.2d 351, 355 (Ind.Ct.App.2007) (holding that defendant had waived appellate review of her due process argument), trans. denied.
For the foregoing reasons, we affirm the trial court's grant of the City's motion to dismiss for lack of jurisdiction.
Affirmed.
BAKER, C.J. and MATHIAS, J. concur.
NOTES
[1] The Remonstrators dispute the City's calculation of the number of households and allege that "[t]here are in excess of 5,100 households in the territory to be annexed." Appellant's Brief at 4. The Remonstrators do not say how many households are in Tract B, which they claim to represent.
[2] The remonstrance does not specify how many households are in Tract B.
[3] The Remonstrators cite Kolar v. City of La Porte, 136 Ind.App. 199, 198 N.E.2d 878 (1964), in support of their argument that their attorneys had authority to sign the remonstrance and, "as a result, the landowner signatures were not required to be submitted with the complaint." Appellant's Brief at 10. They also rely on Kolar to argue that "[a]ttachment by the attorney of landowners' signatures as remonstrators is sufficient and effective if the attorney was authorized by the remonstrators to do so." Id. at 8-9.

In Kolar, we reversed the trial court's grant of a motion to dismiss where the landowners had attached the signatures to the remonstrance on typed signature pages rather than filing the original signature pages. 198 N.E.2d at 882. We find Kolar distinguishable, however, because in that case the statute at issue providing the procedural requirements for a valid remonstrance did not specifically require that the remonstrance be signed by the landowners. See Kolar, 198 N.E.2d at 881 ("We find no provision in the act which requires the remonstrators to sign the remonstrances or that the same shall bear the written signatures of the remonstrators."). The current version of Ind.Code § 36-4-3-11(a) contains this express provision. Moreover, there was no suggestion in Kolar that the filing of the signatures was untimely, unlike in the present case.